## BAUER v HEATON

Ohio Appeals, 1st Dist, Hamilton Co

No 5979. Decided June 30, 1941

Falk & Paul, Cincinnati, for appellee.

Charles W. Baker, Jr., Cincinnati, for appellant.

## OPINION

By MATTHEWS, PJ.

This is an appeal from a judgment of the court of common pleas of Hamilton County, reversing a judgment of the Municipal Court of Cincinnati.

The action was upon an open account. The only defense pleaded was a discharge in bankruptcy. The plaintiff denied the granting of this discharge generally, and specifically denied that, on account of the failure to give him notice, it operated as a bar to an action on this debt.

At the trial, after the defendant had testified on direct examination as to the granting of the discharge in bankruptcy, and the discharge had been introduced in evidence, and counsel for the plaintiff had cross-examined him, plaintiff's counsel stated: "That's all." Then defendant's counsel said: "That's all. That's our case." Thereupon, plaintiffs counsel addressed the court saying: "We ask for judgment, if your Honor, please." Following this, there ensued a colloquy between the court and counsel in which the court said, inter alia, "There was a discharge in bankruptcy in 1936, I must take this discharge for what it is worth. I think I will have to give judgment for the defendant on this." After further discussion upon the effect of a discharge

without other proof of notice, etc. of the bankruptcy proceeding, plaintiff's counsel said: "If your Honor, please, I will ask to reopen the case." This was followed by a discussion of the burden of proof that the discharge did not apply to this debt during which the court said: "I may be wrong, but I think it's incumbent upon you, and on account of having indicated at this particular time I think I am prevented, although I would like to, to permit you to reopen the case," and the Court later said: "I will have to grant judgment for the defendant at this particular stage." Judgment was entered accordingly.

From this recital of what occurred at the close of the cross-examination, it is at least questionable whether the plaintiff had rested his case. He still had the right to introduce evidence in support of the allegations of his reply, and to rebut the defendant's evidence. He certainly did not expressly say that he had no further evidence to offer and his motion for judgment at the close of the defendant's evidence contained no such implication. It was his right to make that motion without waiving his right to introduce evidence in rebuttal. However, all parties treated the situation as calling for the reopening of the case to allow additional evidence, and we will so treat it.

It is apparent from the record that the judge of the Municipal Court was under the mistaken belief that after he had stated that he found for the defendant, he was required by the law to adhere to that ruling. Indeed the record shows that if he had thought he had the power he would have exercised that power and permitted the plaintiff to introduce additional evidence. He refused to exercise any discretion and by so doing made a ruling foreclosing further evidence by the application of an inexorable rule non-existent in law. Bound by his belief in the existence of this rule, the trial judge refused to consider the circumstances to determine what justice required. That is an abuse of discretion as ▬▬▬▬ that phrase is used in this connection; or an error of law dependent upon the choice of terminology.

In 5 Corpus Juris Secundum, §1585, at page 477, the rule is stated that:

"If the trial court has improperly refused to exercise a discretionary power vested in it on the supposed ground of want of power, the judgment will ordinarily be reversed to the end that the discretion shall be exercised."

A few of the cases in which the rule has been applied are: Long v George, 296 Mass. 574, 7 N. E. (2d.) 149; Daly v Blair, 183 Mich. 351, 150 N. W. 134; Tilton v Beecher, 59 N. Y. 176; Katz v De Wolf, 151 Wis. 337, 138 N. W. 1013, Ann. Cas. 1914 B 237; Kohlman v Hyland, 219 N. W. 228, 56 N. D. 772, and Parkhurst v Healy's Est., 97 Vt. 295, 122 Atl. 895.

The plaintiff duly excepted to the ruling of the court, and thereby preserved his rights. The ruling of the court was not based upon any finding that the evidence was incompetent, irrelevant, or immaterial. No matter how competent and relevant, the judge ruled that he was without power to hear it. Under such circumstances, ▬▬▬▬ no profert was necessary to show the error. The error was in the refusal to consider whether the plaintiff should have an opportunity to bring forth competent and relevant evidence. Long v George, and Tilton v Beecher, supra.

As the determination of this question does not require the weighing of evidence, or in fact the ▬▬▬▬ consideration of evidence at all, no motion for a new trial was necessary. Any supposed deficiency in the motion for a new trial is immaterial.

While the manner of giving notice of appeal is not to be approved, the Supreme Court has held it to be sufficient. Therefore, the case is here for review.

We are of the opinion that the Municipal Court erred in refusing to con-

sider whether justice required that the plaintiff be given the opportunity of offering additional evidence. And it is a rare case when a court is justified in closing the door to additional evidence, when the request is promptly made.

For these reasons, we are of the opinion that the judgment of the Common Pleas Court reversing the judgment of the Municipal Court of Cincinnati should be affirmed; and it is so ordered.

HAMILTON. J., concurs.
ROSS, J., dissenting in separate memorandum.

ROSS. J.

Appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County, in which that court reversed the judgment of the Municipal Court of Cincinnati.

The Court of Common Pleas found that the Municipal Court had abused its discretion in refusing to reopen a case after it had been submitted to the Court.

The plaintiff sought to recover against the defendant upon an open account which had been, according to the plaintiff, kept alive by a payment within the period of the statute of limitations.

The defendant answered setting up a discharge in bankruptcy.

The plaintiff replied, alleging want of knowledge of the discharge, that he was not given "ten days notice by mail to his address of any examination of the bankrupt, or of any meetings of creditors, and that he did not have thirty days notice of any application for the discharge in bankruptcy of the said defendant."

At the trial. the plaintiff proved his claim and the defendant proved the discharge. Whereupon, the record shows the following circumstances to have occurred, at the conclusion of the defendant's evidence:

"Mr. Falk: That's all.

Mr. Baker: That's all. That's our case, your Honor, please. (Witness excused).

Mr. Falk: We ask for judgment, if your Honor please. --

The Court: All I have before me is the fact that there was a bill incurred, there was a payment made in 19- this year, of $20.00, which if that payment hadn't been made the Statute of Limitations would have applied against that claim; there was discharge in bankruptcy in 1936, I must take this discharge for what it is worth. I think I will have to give judgment for the defendant on this.

Mr. Falk: All right, if your Honor Please, how do you know that this debt was listed in this?

The Court: I don't know; he was discharged from all debts.

Mr. Falk: Discharged from all debts that he has listed in his bankruptcy schedule.

*    *    *

Mr. Falk: If your Honor, please, I will ask to reopen the case. If your Honor really insists upon us proving his burden then I will ask to reopen the case for that purpose.

The Court: Have you any objection to that?

Mr. Baker: I do object because what he is—

The Court: I am just asking you the question. I doubt that I have the right at this time, Mr. Falk, to reopen it. Personally I don't want to foreclose anybody but I think by expressing myself I have foreclosed myself from this particular case.

Mr. Baker: What Mr. Falk is trying to do is to attack the judgment collaterally.

Mr. Falk: We are not attacking a judgment, we are attacking the defense which this man has set up, which he has not asserted on the stand.

The Court: My ruling is based upon this: There is evidence that there was a payment on this account, which, if there hadn't been any bankruptcy would have revived it; there has been a proof of bankruptcy and I think that

proof of bankruptcy discharge is enough, unless it is shown that this is not a claim that was properly discharged. I may be wrong, but I think it's incumbent upon you, and on account of having indicated at this particular time I think I am prevented, although I would like to, to permit you to reopen the case. It may be reopened probably in another way, I mean before me, but I mean at this stage of the proceedings I don't think I can. If you can show me that I can, why I will be glad to.

Mr. Falk: If your Honor please, in the interest of justice a case may always be reopened at any time while the parties are still here.

The Court: No, there is a case to the effect when the court has indicated his judgment, I have more than indicated in this particular case, why then it's too late.

Mr. Falk: If your Honor please, there is no jury here and for three days it's merely a verdict; at the present time, until the motion for a new trial has been ruled upon it doesn't become a judgment.

The Court: I will have to grant judgment for the defendant at this particular stage.

Mr. Falk: Note an exception."

Now, on September 16, 1940, the Court upon its journal entered judgment for the defendant. On September 18, 1940, motion for new trial was filed by the plaintiff. Under **Richards v Boedker, 124 Oh St 12,** the effect of this judgment was to cause it to become the equivalent of a verdict of a jury.

In this motion for new trial the plaintiff advanced only the following claims of error: (1) the verdict was against the weight of the evidence; (2) the verdict was not sustained by the evidence; (3) the verdict was contrary to law; (4) the court erred in admitting evidence offered by the defendant.

It will be noted that no claim is made because of the exclusion of evidence of the plaintiff, or that he was prevented from proceeding with his case in reply.

On September 18, 1940, the plaintiff also filed a motion which he entitled "Motion of Plaintiff, William A. Bauer for Judgment Non Obstante Veredicto". The motion was just that, for judgment notwithstanding the verdict. This motion is of no consequence in considering the questions presented.

On September 21, the court on its journal entered final judgment for the defendant in accordance with its finding, overruling the motion for a new trial.

On September 24, 1940, some eight days after the first finding of the court, the plaintiff filed what he called an amended motion for new trial and a motion for rehearing on his motion for new trial, both of which were overruled in an entry of the court, properly journalized, tne plaintiff writing upon the bottom of such entry a statement that he gave notice of appeal. This latter act does not comply with the statute. Sec. 12223-5 GC. Non constat **Capital Loan & Savings Co. v Biery et, 134 Oh St 333,** which is at present binding upon this Court. Such practice will open the door to fraud and mischance, in that it is perfectly possible to write in the notice of appeal **after** counsel for the prevailing party has endorsed the entry.

The statute is clear in requiring that the notice of appeal be "filed". Endorsing a notice on the entry is **not** filing it. The judgment is not filed— it is entered upon the journal.

In the amended motion, which is valueless to add any new ground, and not filed within three days from the finding, the plaintiff does, for the first time tender as a new ground for his motion, that the court erred in refusing to admit evidence offered on behalf of plaintiff.

In the first place, the record discloses no offer of evidence. There was a claim by the plaintiff that he had a right to reopen the case and offer evidence upon the question of listing of debts. but what this evidence would have been. or whether it would have changed the result does not appear.

In the second place, final judgment had been entered, and the motions were out of order except possibly as applications for rehearing.

The court could have reopened the case. It could have set aside its judgment, but the record does not disclose any element present which would justify a finding that the court abused its discretion in not doing so. The court used its discretion, but can it be said that its position indicated "an unreasonable, arbitrary, or unconscionable attitude"?

This is the definition of abuse of discretion, as set out in the second paragraph of the syllabus in the case of **Steiner v Custer, 137 Oh St 448.**

The court was in error as to his power to reopen the case, but it cannot be said that the record affirmatively shows that the trial court committed error, prejudicial to the rights of the plaintiff in not reopening the case.

The judgment of the Court of Common Pleas should be reversed and that of the Municipal Court of Cincinnati, affirmed.