THE STATE OF OHIO, APPELLEE, *v.* HARPER, APPELLANT.

(No. C-870178 — Decided April 13, 1988.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *Christian J. Schaefer* and *Julie K. Wilson,* for appellee.

*Chatfield, Marshall & Chatfield* and *William H. Chatfield,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County. We have *sua sponte* removed this case from the accelerated calendar and placed it on the regular calendar.

This timely appeal follows the conviction of defendant-appellant Maurice Harper upon his plea of guilty to a charge of aggravated robbery. In his four assignments of error, defendant alleges that the trial court erred by refusing to grant a further continuance to issue a subpoena and to obtain a polygraph examination, by refusing to appoint new counsel, by refusing to accept a no-contest plea and, finally, by stating that a sentencing fine was $10,000. We find no merit in defendant's first, second and fourth assignments of error and overrule each accordingly. We sustain the third assignment concerning defendant's request to withdraw his not-guilty plea and enter a plea of no contest.

Defendant was charged with aggravated robbery and robbery as a result of the theft of a bottle of wine from a grocery store. An employee of the store observed defendant leave the store without paying for the bottle of wine, and when the employee approached the defendant outside the store, the defendant struck the employee in the face with the bottle of wine, causing serious injuries. The defendant entered a plea of not guilty. The record reflects several continuances prior to February 10, 1987, when by agreement of counsel the matter was to be tried. When the case was called for trial on February 10, defendant requested another continuance so that he might obtain the name of an unidentified potential witness, and to allow him to undergo a polygraph examination. This request was denied by the court. The defendant then requested the court to appoint new counsel, stating his present counsel did not have his best interests at heart. This request was also denied, and the court turned to the matter of impaneling a jury. At this juncture, defendant advised the court that he wished to withdraw his not-guilty plea and enter a plea of no contest. However, after a lengthy discussion between the court and defense counsel about whether the no-contest plea would be accepted, a short recess was taken and defendant changed his plea to guilty.

Of the defendant's four assignments of error, we will consider the third assignment of error first. The defendant alleges that the trial court erred in refusing to permit him to enter a plea of no contest. The error defendant complains of is based upon the following side-bar conference between the court and counsel:

"MR. BALASH [DEFENSE

COUNSEL]: You Honor, my̆ client would like to change his plea and enter a plea of no contest, and in order to — quite frankly, in order to appeal the denial of the continuance, he'd like to enter a plea of no contest, and he's planning on exercising his right to appeal.

"* * *

"THE COURT: I normally don't accept pleas of no contest, but in this case if he's going to plead, and also, of course, we're going now to a jury trial.

"* * *

"THE COURT: Under the circumstances, I'll let you plead no contest. Normally, I don't accept pleas of no contest.

"MR. BALASH: Fine.

"THE COURT: It will save the community some time and avoid a jury trial. *On a plea of no contest, you know, all deals are off as far as the minimum sentence is concerned, since he's going to appeal.*

"MR. BALASH: Why is that?

"THE COURT: Because it's not a guilty plea. That's the only stipulation.

"MR. BALASH: The stipulation —

"THE COURT: Now, wait a minute. Wait a minute. Number 1, we've already impaneled a jury. O.K.

"MR. BALASH: We haven't impaneled them.

"THE COURT: Well, we've got a jury in the box, No. 1.

"MR. BALASH: Yes.

"THE COURT: Number 2, it's a no contest plea. As I said before, a guilty plea — I mentioned before *on a guilty plea, you know, I'll have no problem with going along with the same agreement we had prior to this trial.* O.K. So you might want to talk to him about that for a second.

"MR. BALASH: Judge, that's —

"THE COURT: No, that's how I feel.

"MR. BALASH: I think that that is not fair to the defendant at all.

"THE COURT: Not really, no. That's what I indicated before. That's the rule in my room. It's a guilty plea — that's the only thing I normally accept is a guilty plea. *As far as any plea agreements we had before, it was all based on a guilty plea.* That's just how I run it. I have to run everything the same.

"* * *

"MR. BALASH: What do you think you're going to do?

"THE COURT: I don't know. I haven't decided yet. So if you want to talk to him about that, that's fine." (Emphasis added.)

Defendant argues that the court's refusal to accept a no-contest plea was an abuse of discretion, citing Crim. R. 11(A) which permits a no-contest plea with consent of the court. We believe that the court did abuse its discretion, because the colloquy set forth above clearly indicates participation by the court in the plea bargaining, which was prejudicial to the defendant.

In stating the reasons why a trial judge should not participate in plea discussions, the court in *State* v. *Byrd* (1980), 63 Ohio St. 2d 288, 293, 17 O.O. 3d 184, 187-188, 407 N.E. 2d 1384, 1388, quoted Section 3.3(a) of the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty (Approved Draft 1968), as follows:

" 'There are a number of valid reasons for keeping the trial judge out of the plea discussions, including the following: (1) judicial participation in the discussion can create the impression in the mind of the defendant that he would not receive a fair trial were he to go to trial before this judge; (2) judicial participation in the discussions makes it difficult for the judge objectively to determine the voluntariness

of the plea when it is offered; (3) judicial participation to the extent of promising a certain sentence is inconsistent with the theory behind the use of the presentence investigation report; and (4) the risk of not going along with the disposition apparently desired by the judge may seem so great to the defendant that he will be induced to plead guilty even if innocent.' "

In the case *sub judice*, the court stated that on a plea of no contest, "all deals are off as far as the minimum sentence is concerned, since he's going to appeal." This statement and the other statements highlighted above not only indicate the judge's improper involvement in plea bargaining, but also that the judge did not wish to accept a no-contest plea in order to prevent defendant's exercise of his right to appeal. We are constrained to conclude that the trial court abused its discretion by basing its decision whether to accept a no-contest plea upon such inappropriate considerations. Further, we find that by repeatedly advising the defendant that any plea agreement must be based upon a guilty plea, the court adversely affected the voluntariness of defendant's eventual decision to plead guilty. Accordingly, the third assignment of error is sustained.

In the first assignment of error, defendant alleges that the court abused its discretion in denying his request for a continuance to issue a subpoena to an unnamed witness and to obtain a polygraph examination.[1] Defendant offers no rational reason and the record is silent as to any factual basis that would warrant a further continuance on the day of trial, particularly when we consider that the court had previously granted defendant's several requests for continuance. A ruling on a motion to continue the trial proceedings in a criminal prosecution rests with the sound discretion of the court. *State* v. *Sowders* (1983), 4 Ohio St. 3d 143, 4 OBR 386, 447 N.E. 2d 118. In *Sowders, supra* at 145, 4 OBR at 388-389, 447 N.E. 2d at 121, the court held that where defense counsel presented no factual basis to indicate the identity of potential witnesses, the materiality of their testimony or the reasonable likelihood that the witnesses could be found, the trial court did not abuse its discretion in denying a requested continuance. Defendant further raises the argument that both he and the victim were part of a theft ring which stole from the store, and that a polygraph test would verify this fact. The results of polygraph tests are only admissible with the written consent of the prosecutor to the defendant's submission to the test. See *State* v. *Souel* (1978), 53 Ohio St. 2d 123, 7 O.O. 3d 207, 372 N.E. 2d 1318. The record in the instant case is devoid of any agreement between the parties for such a test. Finding no abuse of discretion, we overrule the first assignment of error.

In the second assignment of error, defendant alleges that the court abused its discretion by refusing to appoint new trial counsel. The court inquired as to defendant's reasons for re-

---

[1] The state argues that defendant waived the errors raised in his remaining assignments by entering a plea of guilty. While a guilty plea generally does operate as a waiver of non-jurisdictional defects in prior stages of the proceedings, this rule applies only when there is no indication that the guilty plea was not voluntarily entered. See *Ross* v. *Court* (1972), 30 Ohio St. 2d 323, 59 O.O. 2d 385, 285 N.E. 2d 25. Since we determined that the voluntariness of defendant's guilty plea was adversely affected in this case, we shall proceed to review the merits of his remaining assignments of error.

questing the appointment of new counsel, and it may be concluded from the colloquy that developed that the sole reason was present counsel's failure to obtain a continuance. This court held in *State* v. *Turnage* (Nov. 7, 1984), Hamilton App. No. C-840145, unreported, that the refusal to replace an appointed attorney is not an abuse of discretion when the request is made at the last minute prior to trial and adequate reasons for the request are not set out in the record. The record before the court is silent as to a reasonable basis for the appointment of new counsel, and we discern no prejudice to defendant as a result of the denial of his request. See *State* v. *Martin* (Oct. 12, 1983), Hamilton App. Nos. C-820791 and C-820824, unreported. There being no abuse of discretion, the second assignment of error is overruled.

In the defendant's final assignment of error, he alleges that the court erred when it advised him that a sentencing fine was $10,000. We agree that the court should have stated that the *maximum* fine was $10,000, rather than, as quoted from the record, "[y]ou understand the fine is $10,000." See R.C. 2929.11(C)(1)). However, inasmuch as defendant was indigent, the court did not impose any fine. Accordingly, we find that no prejudicial error resulted from the court's statement, and we overrule the fourth assignment of error.

Having sustained defendant's third assignment of error, we reverse the judgment of the trial court and remand this case to the trial court for further proceedings according to law.

*Judgment reversed and cause remanded.*

KLUSMEIER, P.J., BLACK and UTZ, JJ., concur.