## State v. Kirby
### [Cite as 7 AOA 322]

*Case No. 59234*
*Cuyahoga County, (8th)*
*Decided October 25, 1990*

*John T. Corrigan, Cuyahoga County Prosecutor, by Michael J. Ertle, Asst. County Prosecutor, 1200 Ontario Street, Cleveland, Ohio 44113, for Plaintiff-Appellee.*

*Wesley A. Dumas, 1800 Superior Building, Cleveland, Ohio 44114, for Defendant-Appellant.*

Per curiam.

Appellant, Darrin Kirby, appeals from an order of the trial court overruling his motion to withdraw a plea of guilt.

Appellant was indicted on one count of drug law violations (R.C. 2925.03). On October 20, 1989 appellant pled not guilty to the charge. On January 9, 1990 appellant withdrew his plea of not guilty and entered a plea of guilty to the one count. The record shows that appellant entered his guilty plea in exchange for the *trial court's* promise to impose the minimum sentence. The trial court instructed appellant as to the consequences of his guilty plea and then accepted it as being knowingly and voluntarily entered.

On January 22, 1990, appellant filed a motion to withdraw his guilty plea and to

reinstate his original plea of not guilty, alleging that his guilty plea was not voluntarily entered. On January 30, 1990, after a hearing, the trial court overruled appellant's motion to withdraw his plea. Appellant then was sentenced to 3 to 15 years in prison. Appellant filed a timely notice of appeal from his conviction and sentence. Appellant assigns the following error for review:

### "THE COURT ERRONEOUSLY DENIED DEFENDANT'S MOTION TO VACATE HIS PLEA."

Appellant contends that the trial court erred in denying his to motion withdraw his guilty plea because the totality of the circumstances surrounding his plea indicated that appellant was pressured into making his plea. We agree. Appellant states that coerced to plead guilty by the trial judge's promise that if he pleaded guilty he would receive the minimum prison term. Appellant essentially contends that his plea was not voluntarily entered because he feared the retaliation of the judge; i.e., if he did not plead guilty he would be given the maximum sentence if convicted.

Crim. R. 11(C) (2) provides:

"In felony cases, the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) *Determining that he is making the plea voluntarily,* with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.

"(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

"(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself." (Emphasis added.)

Crim. R. 32.1 governs the withdrawal of guilty pleas, and provides:

"A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

In *State v. Peterseim* (1980), 68 Ohio App. 2d 211, this court set forth two standards for permitting the withdrawal of guilty pleas. While post-sentencing plea withdrawals are appropriate only to correct a "manifest injustice," pre-sentencing withdrawals should be freely allowed. *Id.* at 213. Even though the standard for a pre-sentencing withdrawal is more lenient, upon review an appellate court will not reverse the trial court without finding an abuse of discretion. *Id; see also, State v. Posta* (1987), 37 Ohio App. 3d 144.

In the case before us there is no evidence on the record that the State and appellant entered into any plea negotiations. Rather, the plea resulted from a choice given appellant by the trial judge. Prior to appellant entering his guilty plea the court stated:

"THE COURT. I have got the jury up and we're proceeding to trial at this time. I think there's been enough time to discuss this particular case. It's been pending since October 20th. What is your pleasure, Mr. Kirby?

"I will indicate for purposes of the record, obviously, Mr. Kirby, if you want to go to trial, that is certainly within your rights and it is not my policy to punish a defendant who wants to go to trial, however, *I have indicated to your attorney that I will grant or give a minimum sentence in this particular case on a plea. That promise is not in effect once we have a trial in this particular case.* There are other factors that may be brought to my attention that affects sentencing, such as your truthfulness on the stand should you testify and the details of this case.

"THE COURT. What do you want to do?

"THE DEFENDANT. Right now you got me totally lost.

"THE COURT. What do you mean lost, son?

"THE DEFENDANT. I mean, we haven't really had time to talk about it. What you're telling me I don't understand.

"THE COURT. I will explain it again.

This is a one-count indictment. You're charged with drug law violation. It's a mandatory sentence if you're convicted. *A minimum sentence of three to 15 years if you plead now*

*before trial. If you plead now before trial begins, I told Mr. Tolliver that I would give you the minimum sentence. However, if we go to trial and you are convicted, any deal is off, because other matters may be brought to my attention during the trial from the witness stand and from yourself that affect my decision on sentencing, such as if you get on the witness stand and you lie or depending on what the police officers tell me about this particular case, you may not get the minimum sentence after trial, and you could possibly be sentenced to five to 15 years.*

"If you want to go to trial, we're ready to proceed now. I'm not going to grant another recess in this case. This jury has been up here waiting already some 15 minutes." (Emphasis added.)

The record at the guilty plea hearing supports appellant's contention that he felt he had no choice but to plead guilty. The court implicitly threatened appellant with a greater sentence if he chose to go to trial. Further, the court's statements indicated that appellant could be penalized if he chose to testify. The trial court made it clear that if she didn't believe his testimony, or if it was inconsistent with that of the police officers, appellant could get the maximum sentence. The record indicates that, faced with the trial court's remarks concerning the imposition of greater jail time if he chose a trial, appellant decided to plea in order to avoid a greater penalty.

At the hearing on appellant's motion to withdraw his guilty Plea, the appellant on direct examination stated:

"Q. Did you take the plea because you felt you were guilty?

"A. I took the plea because I felt that I had no choice, like I do now.

"Q. Did you enter into this plea voluntarily?

"A. I felt like I was rushed into it or, like I said, it was either sit there and take something that they were offering you, the three years of your life, or eight up to whatever."

In *State v. Byrd* (1980), 63 Ohio St. 2d 288, (syllabus) the court held:

"A trial judge's participation in the plea bargaining process will be carefully scrutinized to determine if it affected the voluntariness of the defendant's plea."

The court further stated:

"A judge's participation in the actual bargaining process presents a high potential for coercion. The defendant often views the judge as the final arbiter of his fate or at the very least the person in control of the important environment of the courtroom. He may be led to believe that this person considers him guilty of the crime without a chance of proving otherwise. He may infer that he will not be given a fair opportunity to present his case. Even if he wishes to go to trial, he may perceive the trial as a hopeless and dangerous exercise in futility." *Id.* at 292; *see also, State v. Harper* (1988), 47 Ohio App. 3d 109, 111.

In the present case the record supports appellant's belief that he felt pressured by the trial court into entry of his guilty plea and that the trial would be a futile exercise resulting in a harsher penalty. As stated in *Byrd, supra,* the judge's actions in involving herself in the bargaining process indicated to appellant that his cause was futile and he had no choice but to accept a minimum term. The trial judge's efforts to secure a plea in this instance resulted in an involuntary plea. It was therefore an abuse of discretion for the trial court to deny appellant's motion to withdraw his guilty plea.

Judgment reversed and remanded for further proceedings.

KRUPANSKY, P.J., MATIA, J., and PARRINO, J., concur.

Judge Thomas J. Parrino, Retired, of the Eighth District Court of Appeals, sitting by assignment.