OPINION
In case Nos. 00AP-1245 and 00AP-1246, defendants-appellants, Lenka Nezvalova and Marcel Stasko, appeal from the October 2, 2000 decision and entry of the Franklin County Court of Common Pleas, finding appellants guilty of possessing powder cocaine and sentencing appellants to three years of community control. In case Nos. 01AP-1067 and 01AP-1068, appellants appeal from the August 16, 2001 decision and entry of the trial court denying appellants' motion to withdraw guilty pleas and motion for post-conviction relief. For the following reasons, we reverse.
According to the state, on April 9, 2000, at approximately 1:00 a.m., Officer Nemchev, while working special duty in the North Market area, observed a vehicle pull into the parking lot and park next to her vehicle. Officer Nemchev observed three individuals in the vehicle; appellant Nezvalova was sitting in the driver's seat, Peter Jankik was sitting in the front passenger seat, and appellant Stasko was sitting in the rear of the vehicle behind appellant Nezvalova. Officer Nemchev observed all three individuals snort what she suspected to be cocaine.[1]
Officer Nemchev approached the vehicle, and observed a baggie in the console that contained the suspected cocaine.
On July 7, 2000, appellants and Jankik were indicted on one count of possessing 1.2 grams of powder cocaine in violation of R.C.2925.11, a felony of the fifth degree.[2] Initially, one attorney represented all three individuals. However, after a potential conflict arose, they each retained separate counsel.
On September 28, 2000, appellants entered a guilty plea to the indictment. The trial court found appellants guilty, and imposed a three-year community control sanction, which required appellants: to perform forty hours of community service; perform an out-patient drug evaluation; follow aftercare recommendations; participate in random drug screens; obtain and maintain full-time verifiable employment and verifiable address; have no contact with each other outside of employment for three years; no new violations; placed on basic control supervision; and license suspension, with occupational driving privileges only for six months. Appellants were also ordered to pay $250 in fines, plus court costs. Appellants timely filed an appeal.[3]
On August 3, 2001, while appellants' direct appeal was pending before this court, appellants filed a motion to withdraw their guilty pleas and a motion for post-conviction relief before the trial court. On August 10, 2001, appellee filed a memorandum opposing appellants' motions. On August 16, 2001, the trial court denied appellants' motion to withdraw guilty pleas and motion for post-conviction relief. Appellants timely filed an appeal.[4] By entry filed October 1, 2001, this court consolidated case Nos. 01AP-1067 and 01AP-1068 with case Nos. 00AP-1245 and 00AP-1246 for purposes of oral argument.
In case Nos. 00AP-1245 and 00AP-1246, appellants set forth the following seven assignments of error in relation to the trial court's October 2, 2000 entry and decision finding appellants guilty of possessing powder cocaine and sentencing them to three years community control:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT COMMITS REVERSIBLE ERROR BY OVERRULING DEFENDANTS' MOTION FOR A CONTINUANCE, THEREBY VIOLATING APPELLANTS' DUE PROCESS RIGHTS UNDER THE U.S. AND OHIO CONSTITUTIONS, AND DEPRIVING APPELLANTS OF THEIR RIGHT TO COUNSEL.
ASSIGNMENT OF ERROR II
 APPELLANTS' GUILTY PLEAS WERE COERCED IN VIOLATION OF CRIMINAL RULE 11 AND IN VIOLATION OF APPELLANTS' DUE PROCESS RIGHTS UNDER THE STATE AND FEDERAL CONSTITUTIONS.
ASSIGNMENT OF ERROR III
 THE TRIAL COURT ABUSED ITS DISCRETION BY REFUSING TO ACCEPT APPELLANTS' NO CONTEST PLEAS.
ASSIGNMENT OF ERROR IV
 APPELLANTS' GUILTY PLEAS ARE VOID WHEN THE TRIAL COURT FAILS TO EXPLAIN THE NATURE OF THE CHARGES AGAINST APPELLANTS, IN VIOLATION OF CRIMINAL RULE 11.
ASSIGNMENT OF ERROR V
 THE TRIAL COURT COMMITS REVERSIBLE ERROR BY FINDING AND HOLDING AT SENTENCING THAT THE OFFENSES WERE COMMITTED FOR HIRE OR AS PART OF AN ORGANIZED CRIMINAL ACTIVITY UNDER 2929.12(B)-(E), WHEN NO SUCH EVIDENCE FOR SAID FINDING IS OF RECORD NOR CHARGED IN THE INDICTMENT, AND THAT THE OFFENSE IS MORE SERIOUS AND THAT APPELLANTS EXPRESSED NO REMORSE, WHEN NEITHER FINDING IS SUPPORTED BY THE RECORD.
ASSIGNMENT OF ERROR VI
 THE TRIAL COURT COMMITS REVERSIBLE ERROR BY FAILING TO INFORM APPELLANTS OF IMMIGRATION CONSEQUENCES AS MANDATED BY OHIO REVISED CODE § 2943.041.
ASSIGNMENT OF ERROR VII
 THE TRIAL COURT COMMITS REVERSIBLE ERROR BY FAILING TO RULE ON APPELLANTS' MOTIONS TO SUPPRESS EVIDENCE.
In case Nos. 01AP-1067 and 01AP-1068, appellants set forth the following two assignments of error in relation to the trial court's August 16, 2001 entry and decision denying appellants' motion to withdraw their guilty pleas and motion for post-conviction relief:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT COMMITS REVERSIBLE ERROR BY OVERRULING DEFENDANTS' MOTIONS TO WITHDRAW THEIR GUILTY PLEAS, WHEN THE RECORD CLEARLY REFLECTS THE TRIAL COURT'S FAILURE TO ADHERE TO THE MANDATES OF R.C. 2943.031, THEREBY VIOLATING APPELLANTS' DUE PROCESS RIGHTS UNDER THE U.S. AND OHIO CONSTITUTIONS.
ASSIGNMENT OF ERROR II
 THE TRIAL COURT COMMITS REVERSIBLE ERROR BY DENYING MOTIONS FOR POST-CONVICTION RELIEF WHEN SAID MOTIONS ARE SUPPORTED BY AFFIDAVITS CONFIRMING THAT APPELLANTS' GUILTY PLEAS WERE NOT KNOWINGLY, INTELLIGENTLY OR VOLUNTARILY MADE.
Because the resolution of appellants' second and third assignments of error in case Nos. 00AP-1245 and 00AP-1246 are dispositive of this appeal, we will address these two assignments of error first.
In their second and third assignments of error, appellants argue that the trial court had a blanket policy refusing to accept no contest pleas on the scheduled trial date, if a defendant had not accepted a plea bargain offered at the pretrial. Appellants contend that the trial court abused its discretion when the trial court refused to accept appellants' no contest plea, thereby coercing appellants to enter guilty pleas, which violated their due process rights and Crim.R. 11.
"`The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion connotes more than an error of judgment; it implies a decision that is arbitrary or capricious, one that is without a reasonable basis or clearly wrong. Pembaur v. Leis (1982), 1 Ohio St.3d 89; Wise v. Ohio Motor Vehicle Dealers Bd. (1995),106 Ohio App.3d 562, 565; and In re Ghali (1992), 83 Ohio App.3d 460,466.
A trial court has the discretion to accept or reject a no contest plea. State v. Jenkins (1984), 15 Ohio St.3d 164. "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Crim.R. 11(B)(2). A no contest plea does not preclude defendant from asserting, on appeal, that the trial court erred in ruling on a pretrial motion. Crim.R. 12(H).
On the other hand, a guilty plea is an admission of guilt. Crim.R. 11(B)(1). By pleading guilty, a defendant waives any alleged errors on appeal for this courts review. Huber Hts. v. Duty (1985),27 Ohio App.3d 244. We must therefore review the record to determine if the trial court abused its discretion by not accepting appellants' no contest pleas.
At the September 28, 2000 hearing, the colloquy between the court and defense counsels was as follows:
 THE COURT: * * * I told Mr. Edwards, when he was representing all three of them at pretrial, the case would not be continued and there was no offer — he wasn't interested in the offers, they rejected all the offers, so we're either going to plead guilty to the Indictment or we're going to trial. * * * [Tr. 3.]
* * *
 MR. REISER [Defense Counsel for Appellant Stasko]: Your Honor, before entering a plea on this matter, there are some relevant comments that I wish to place on the record.
 THE COURT: We're either doing a plea or a trial; it's ten to 1:00. [Tr. 7.]
* * *
 MR. REISER: * * * It's my understanding at this juncture the Court will not entertain the acceptance of the misdemeanor charges and — the misdemeanor pleas, and unfortunately we're left with the position where I feel it's in my client's only interests to enter a plea to the felony charge. I would like to enter no context [sic] pleas, but it's my understanding that the court will not accept no contest pleas. Therefore, I believe that our only option at this juncture is to enter pleas to felony charges. [Tr. 9-10.]
* * *
 MR. BELLI [Defense Counsel for Appellant Nezvalova]: * * * [W]e would ask the Court for leave to make no contest pleas, in order that we could preserve the appealability of the rulings on the motions.
 First of all, the Court never said it does not accept no contest pleas, so this is again another misstatement by both of you. * * * [Tr. 10.]
* * *
 THE COURT: * * * I won't accept a reduction in this case. First of all, the state's not even offering it. Second of all, even if they were to offer, I'm not going to accept it because the time for that has long since passed. If your clients wanted a misdemeanor, they could have worked this out at the pretrial. If your clients wanted to resolve this, they could have cooperated with the Columbus Police, but they thumbed their noses to both of those offers, so now it's not being offered, and for that reason I'm not going to take a no contest plea, because I'm finding by the whole scenario here that no, that is my prerogative whether I will accept an Alford plea, a no contest plea or whether I will accept a guilty plea to a reduction. That is my prerogative.
 * * * This plea isn't conditioned upon anything, and if they have some false idea that it's conditioned upon they are going to get the same sentence as the codefendant, then we're not going to take this guilty plea, and I will now only have twenty minutes for a lunch break for my staff, because the jurors will be back here at 1:30.
 With that understood, are we going forward with this guilty plea to the Indictment or not? Counsel?
 MR. BELLI: Yes, we will proceed forward, Your Honor. [Tr. 12-13.]
Appellants entered guilty pleas to the charge on the indictment. The trial court found appellants guilty of possessing powder cocaine, in violation of R.C. 2925.11, and sentenced them to three years community control.
We find that the trial court's refusal to accept appellants' no contest pleas constituted an abuse of discretion. The trial court stated that its refusal to accept appellants' no contest pleas was not only because appellants elected not to accept a plea offer at pretrial conference and failed to cooperate with Columbus Police,[5] but because the court also stated that it was within the trial court's prerogative whether to accept a no contest plea. While we agree that it universally recognized that the trial court has discretion to accept or reject no contest pleas, Crim.R. 11(C)(2), we determine, in this case, that the trial court's refusal to accept appellants' no contest pleas prejudiced appellants' rights. Appellants sought to enter no contest pleas to preserve the appealability of pretrial evidentiary decisions. The trial court repeatedly advised appellants' new defense counsel that appellants either had to plead guilty to the indictment or proceed forward with trial. In addition, the court suggested that a failure to enter pleas would result in an abbreviated period of time in which the court's staff could have lunch. As a result, appellants pled guilty. Therefore, the trial court, by injecting itself into the plea bargaining process, affected the voluntariness of appellants' decisions to plead guilty. State v. Harper (1988),47 Ohio App.3d 109.
After determining that the trial court abused its discretion by refusing to accept appellants' no contest pleas, we also find that the trial court's error prejudiced appellants by denying them the opportunity to preserve the right to appeal the trial court's denial of their pretrial motions to suppress evidence and motions for continuance. We cannot say with absolute certainty that appellants' guilty pleas and waiver of their right to appeal the denial of the pretrial motions, were not clouded or tainted by the trial court's refusal to accept their no contest pleas, and the trial court's perceived urgency to complete the proceedings of the case to allow the court's staff to have an adequate lunch break before the jurors returned.
Accordingly, we find appellants' second and third assignments of error in case Nos. 00AP-1245 and 00AP-1246 well-taken. As such we sustain assignments of error two and three and find it unnecessary to address appellants' remaining assignments of error in case Nos. 00AP-1245 and 00AP-1246, and the two assignments of error set forth in case Nos. 01AP-1067 and 01AP-1068.
For the foregoing reasons, in case Nos. 00AP-1245 and 00AP-1246, assignments of error one, four, five, six and seven are overruled as moot, and assignments of error two and three are sustained. In case Nos. 01AP-1067 and 01AP-1068, assignments of error one and two are overruled as moot. The judgments of the Franklin County Court of Common Pleas, are reversed and this matter is remanded for further proceedings in accordance with law and c.onsistent with this opinion.
Judgments reversed and remanded for further proceedings.
BRYANT and DESHLER, JJ., concur.
[1] After being analyzed at the Columbus Police Department Property Room, the result of the suspected substance was tested positive for 1.2 grams of cocaine.
[2] Jankik pled guilty and has not appealed his conviction.
[3] The direct appeal before this court is assigned case Nos. 00AP-1245 and 00AP-1246.
[4] The second appeal before this court is assigned case Nos. 01AP-1067 and 01AP-1068.
[5] Careful review of the record reveals that the trial court's perception of appellants' alleged lack of cooperation with the Columbus Police was not corroborated by any part of the record and may have been the result of an ex parte communication between the judge and appellee.