DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence for aggravated theft, entered on a guilty plea in the Lucas County Court of Common Pleas. Because we conclude the court's conduct during the plea hearing and its imposition of a maximum sentence were proper, we affirm.
{¶ 2} From April 2002 until July 2003, appellant, Rebecca Jane Nemitz, was employed at a family owned excavating company in Oregon, Ohio. On October 2, 2003, the Lucas County Grand Jury handed down an indictment charging appellant with theft of more than $100,000 from her employer. It was alleged that appellant wrote unauthorized company business checks to herself and for her personal debts, including the purchase of $10,000 in money orders to pay restitution through the adult probation division for a prior theft offense. The total amount taken was eventually set at $164,000.
{¶ 3} Appellant agreed to enter a plea of no contest to the indictment. At the plea hearing, however, the court voiced concern that appellant cooperate in recovery of the stolen funds. After a recess, appellant returned and entered a guilty plea. Following a presentence investigation, the court sentenced appellant to five years imprisonment, the maximum permitted for a third degree felony.
{¶ 4} Appellant now brings this appeal, setting forth the following two assignments of error:
{¶ 5} "I. The trial court erred by not permitting defendant to enter a plea of no contest
{¶ 6} "II. The trial court erred in sentencing defendant to the maximum time."
 I. Guilty Plea.
{¶ 7} A properly entered guilty plea is a complete admission of a defendant's guilt, Crim.R. 11(B), and waives nearly all grounds for appeal, save whether the plea itself was knowingly and voluntarily entered. State v. Kelley (1991), 57 Ohio St.3d 127, paragraph two of the syllabus. When a trial judge participates in the plea bargaining process, such participation merits careful scrutiny to determine whether the court's involvement affected the voluntariness of the defendant's plea. State v. Byrd (1990), 63 Ohio St.2d 288, syllabus. When a court advises a defendant that any plea agreement must be premised on a guilty plea, such court involvement in the plea bargaining process constitutes a coercive effect, negating the voluntariness of the defendant's eventual plea. State v. Harper (1988), 47 Ohio App.3d 109, 112.
{¶ 8} In this matter, appellant insists that, when the trial court voiced concern that a no contest plea would inhibit recovery of the stolen money, this constituted improper court involvement in the plea bargaining process, rendering appellant's plea involuntary. We disagree.
{¶ 9} In Harper, the court expressly told the defendant that, on a no contest plea, "all deals are off as far as the minimum sentence is concerned, since he's going to appeal." Id. At the plea hearing in the present matter, the court stated:
{¶ 10} "THE COURT: My concern is, when you were up here, is this, when I have cases, and I am told that this is an embezzlement case where [appellant] was an employee of the victim in this case. When I have the defendant under oath, I want them to be honest and forthright and tell me where the money is, whether it's been purchases. We had one where they purchased a condo somewhere, bought clothes, or they put the money somewhere else. This is a case that if the defendant is entering this plea at this time, that that is critical, in my opinion, to see justice served. And so a no contest puts this covering around a defendant where they don't make a statement, and I'm a little concerned about that. And except if that's what you want, then I'm really almost precluded from making those inquiries. See what I'm saying? If she's not contesting, but she doesn't want to make a statement, and I understand because of the civil ramifications.
{¶ 11} "* * *
{¶ 12} "THE COURT: But we always look at this as the Court does on justice for all, and that is if she is not challenging that, where's the money? Where's the money? Because what you told me is this exceeds $100,000.
{¶ 13} "[PROSECUTING ATTORNEY]: Yes, Your Honor.
{¶ 14} "THE COURT: So with that, do you want to talk to your client for a moment?
{¶ 15} [DEFENSE COUNSEL]: Please, Your Honor.
{¶ 16} "THE COURT: All right. Thank you. And perhaps maybe there can be an agreement where if she enters a guilty plea, that those statements that she would make under oath would not be used in a civil proceeding. I mean some kind of agreement or no contest plea with an understanding the inquiry of the Court will not be used in a subsequent civil proceeding. * * *"
{¶ 17} After this exchange and following a brief recess, appellant advised the court that she would plead guilty to the indictment. Following a colloquy pursuant to Crim.R. 11, the court accepted appellant's plea.
{¶ 18} The contrast between the language found coercive in Harper and that used by the trial court is clear. The Harper court issued a clear and palpable threat to the defendant. Here, the court did not expressly ask for a plea change: only for assurances that whatever plea was entered, the defendant would cooperate in identifying the location of the stolen money.
{¶ 19} Since the court did not refuse to accept a no contest plea and did not engage in coercive tactics or negotiations in obtaining a plea, we see no evidence that appellant's plea was not voluntarily entered. Accordingly, appellant's first assignment of error is not well-taken.
 II. Maximum Sentence.
{¶ 20} In her second assignment of error, appellant asserts that the court's imposition of the maximum sentence for aggravated theft was erroneous.
{¶ 21} Unlike first or second degree felonies for which there is a presumption in favor of a prison term, R.C. 2929.13 (D), or fourth of fifth degree felonies for which prison would not ordinarily be imposed, R.C. 2929.13 (B)(2)(b), no guidance is attached to a third degree felony beyond consideration of the purposes and principles of sentencing articulated in R.C 2929.11 and 2929.12. R.C. 2929.13 (C). If, after considering those factors, however, a court determines that imprisonment is appropriate, the sentence imposed on the offender who has not before been sentenced to prison should be the shortest authorized for the offense. R.C. 2929.14(B). This is true unless the court finds that such a sentence would demean the seriousness of the offender's conduct or will not protect the public from future crime. R.C. 2929.14 (B)(2).
{¶ 22} A sentencing court may impose a maximum sentence only upon 1) offenders who commit the worst form of the offense, 2) offenders who pose the greatest likelihood of committing future crimes, 3) certain major drug offenders, or 4) certain repeat violent offenders. R.C. 2929.14
(C). If the court imposes the maximum sentence for a single offense, the court must state its reasons for selecting such a sentence, R.C. 2929.19
(B)(2)(d); State v. Edmondson (1999), 86 Ohio St.3d 324, 328, at the sentencing hearing. See State v. Comer, 99 Ohio St.3d 463, 467-468,2003-Ohio-4165 at ¶ 20.
{¶ 23} The aggravated theft offense to which appellant pled guilty was a third degree felony. At the sentencing hearing, the court found that appellant was not amendable to community control and that imprisonment would be consistent with the principles and purposes of the sentencing statutes. Moreover, the court concluded, imposition of the shortest prison term, "* * * will clearly demean the seriousness of the offense and not adequately protect the public." Indeed, the court concluded, appellant poses the greatest likelihood of recidivism.[1]
{¶ 24} In support of this conclusion, the court noted that appellant had been convicted of a nearly identical theft from a prior employer. Moreover, appellant forged three letters to the adult probation department purporting to be from her present victim and indicating a willingness to help appellant make restitution on the prior offense. Appellant then forged signatures on checks from her employer to buy $10,000 in money orders to submit to adult probation. Only the victim's fortuitous discovery of this ruse prevented this amount form being added to the $160,000 already taken. The court found appellant to be an unrepentant thief and an inveterate liar who would most likely steal again if at liberty.
{¶ 25} The trial court made the necessary findings and conclusions to support its sentence. It, similarly, stated its reasons for imposing a maximum sentence which, in our view, are compelling. Accordingly, appellant's second assignment of error is not welltaken.
{¶ 26} Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant pursuant to App.R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J., concur.
[1] We note that the transcript of the sentencing hearing quotes the court as saying that appellant poses the "greater likelihood of recidivism" while the judgment entry on sentencing states the "greatest
likelihood." Since the import of the court's conclusion is clear and the reasoning supporting it sound, we do not find prejudice to appellant in this semantic discrepancy.