[Cite as *State v. Beasley*, 2016-Ohio-1603.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150431 |
| | | TRIAL NO. B-1405968 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| ANDREA BEASLEY, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 20, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Marguerite Slagle*, Assistant Public Defender, for Defendant-Appellant.

Please note: This case has been removed from the accelerated calendar.

**MOCK, Judge.**

{¶1}   Defendant-appellant Andrea Beasley appeals from a conviction for possession of cocaine under R.C. 2925.11(A).  While we find some merit in her sole assignment of error, we ultimately affirm her conviction.

{¶2}   The record shows that police officers stopped Beasley's vehicle because she was driving under suspension.  The officers searched her vehicle and discovered cocaine.  Following her indictment, Beasley filed a motion to suppress in which she alleged that the stop and search of her vehicle violated her rights under the Fourth Amendment.  Following a hearing, the trial court overruled the motion and set the matter for a jury trial.

{¶3}   At the next hearing, Beasley's counsel indicated that she wished to enter a plea, but that counsel had "a few things" he needed to put on the record.  He stated:

> Judge, we had a conversation in chambers.  My client wishes to plead no contest. But as this Court explained, the Court has a blanket policy [of] not accepting no contest pleas, and the Court will only accept a guilty or not guilty [plea].
>
> The State has agreed to allow her to plead no contest, and we discussed the fact that my client wants to plead no contest to preserve her right to appeal the motion to suppress that was denied.  But the court reiterated that it has a policy of not accepting no contest pleas under any circumstances.
>
> She does not dispute the facts of the case.  But in light of her options she wants to enter the plea.

{¶4} The trial court responded, "I see what you are saying. Okay. All right. Anything from the State regarding that?" The state replied, "No, Judge." After a recitation of the facts, Beasley then entered a guilty plea. The trial court sentenced her to community control, and this appeal followed.

{¶5} In her sole assignment of error, Beasley contends that the trial court erred in implementing a blanket policy of refusing to accept no-contest pleas. She argues that she was prejudiced because she could not appeal the court's ruling on her motion to suppress. Though we agree that it is error for a trial court to have a blanket policy of not accepting no-contest pleas, we find that on the record before us, the error was not preserved for appeal and, therefore, this assignment of error is not well taken.

{¶6} A no-contest plea is not an admission of guilt, but an admission of the facts as alleged in the indictment. It cannot be used against a defendant in any subsequent civil or criminal proceeding. Crim.R. 11(B)(2); *State v. Anderson*, 1st Dist. Hamilton No. C-070098, 2007-Ohio-6218, ¶ 11.

{¶7} A guilty plea, on the other hand, is a complete admission of guilt. Crim.R. 11(B)(1); *State v. Morgan*, 181 Ohio App.3d 747, 2009-Ohio-1370, 910 N.E.2d 1075, ¶ 23 (1st Dist.). It renders irrelevant those constitutional violations not logically inconsistent with factual guilt. A defendant who enters a guilty plea waives the right to appeal the denial of most pretrial motions, including motions to suppress. *Morgan* at ¶ 25-26; *State v. Chichester*, 1st Dist. Hamilton No. C-050381, 2006-Ohio-4030, ¶ 11.

{¶8} A trial court has broad discretion to accept or reject a no-contest plea. *State v. Carter*, 124 Ohio App.3d 423, 428, 706 N.E.2d 409 (2d Dist.1997); *State v. Rader*, 55 Ohio App.3d 102, 104-105, 563 N.E.2d 304 (1st Dist.1988). Numerous courts, including this one, have held that the trial court errs when it fails to exercise its discretion according to the facts and circumstances of the individual case. *See State v.*

*Jones*, 2013-Ohio-3559, 996 N.E.2d 569, ¶ 10-20 (6th Dist.); *State v. Allen*, 8th Dist. Cuyahoga No. 98394, 2013-Ohio-1656, ¶ 9-13; *Bauer v. Heaton*, 68 Ohio App. 181, 183-184, 38 N.E.2d 413 (1st Dist.1941).

{¶9} Further, other appellate districts have specifically held that the trial court errs in following a blanket policy of refusing to accept no-contest pleas. In *Carter*, the Second Appellate District held that the trial court's policy of not accepting no-contest pleas was an abuse of discretion because the trial court arbitrarily refused to consider the facts and circumstances of the case. *Carter* at 428. The court found that the defendant was prejudiced because the trial court denied the defendant the right to appeal a pretrial motion. *Id.* at 429. It further stated that "we cannot say that [the defendant's] guilty plea and consequent waiver of his right to appeal the denial of his speedy trial motion was independent of, and untainted by, the trial court's refusal to accept his no-contest plea." *Id.*

{¶10} In *State v. Graves*, 10th Dist. Franklin No. 98AP-282, 1998 Ohio App. LEXIS 5608, *8-11 (Nov. 19, 1998), the Tenth Appellate District stated that the trial court had given no reason for refusing to accept a no-contest plea other than a blanket policy of not accepting such pleas, and that it had abused its discretion by refusing to accept the defendant's plea. *Id.* at *10. Further, the court found that the defendant was prejudiced because he had wanted to use the no-contest plea to preserve his rights in an underlying insurance dispute. *Id.* at *11.

{¶11} This court has not specifically addressed this issue. But in *State v. Harper*, 47 Ohio App.3d 109, 111-112, 547 N.E.2d 395 (1st Dist.1988), we held that the trial court's failure to accept a no-contest plea was an abuse of discretion because the colloquy indicated that the court had participated in plea bargaining. We also stated that the colloquy showed that the trial court had not wished to accept a no-contest plea

to prevent the defendant from exercising his right to appeal and that the trial court had abused its discretion by basing its decision whether to accept a no-contest plea "upon such inappropriate considerations." *Id.* at 112. We further stated that "we find that by repeatedly advising the defendant that any plea agreement must be based on a guilty plea, the court adversely affected the voluntariness of defendant's eventual decision to plead guilty." *Id.*

{¶12} Thus, there is little doubt that a trial court's blanket policy to refuse to accept no-contest pleas is error. The question in this case is whether that error was preserved for appeal. Beasley's counsel stated that she would have entered a no-contest plea, but for the trial court's blanket policy against accepting such pleas. He referred to a conference in chambers that is not part of the record on appeal, and there is no other indication in the record of what occurred. This court cannot add matter to the record that was not part of the trial court's proceedings and decide the appeal on the basis of the new matter. *State v. Hamilton*, 1st Dist. Hamilton No. C-140290, 2015-Ohio-334, ¶ 15, citing *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978).

{¶13} Further, despite Beasley's statement for the record, Beasley never attempted to plead no-contest. We believe it is incumbent on the defendant to enter the no-contest plea and have the trial court refuse to accept the plea on the record. Immediately after the recitation of facts, Beasley entered a guilty plea. Under the circumstances, Beasley forfeited her right to raise the issue on appeal. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21. Consequently, we overrule Beasley's sole assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**STAUTBERG, J.,** concurs.
**FISCHER, P.J.**, dissents.

**FISCHER, P.J.,** dissenting.

{¶14}  I respectfully dissent.  I agree with the majority that a trial court's implementaton of a blanket policy of refusing to accept no-contest pleas is improper. But I disgree with the conclusion that Beasley failed to preserve the error for appeal.

{¶15}  Beasley's counsel noted twice on the record that she wished to plead no contest to preserve her right to appeal the trial court's denial of her motion to suppress, but that in chambers the court had stated it had a blanket policy against accepting no-contest pleas.  The trial court not only did not contradict that statement, it concurred: "I see what you are saying.  Okay.  All right.  Anything from the State regarding that?"  If counsel's assertion was incorrect, the trial court would have so stated.

{¶16}  Further, the state then did not contradict Beasley's statement.  Her counsel specifically stated that the state had agreed to let her plead no contest and that the court had a blanket policy against accepting such pleas.  When given the opportunity, the state did not indicate that counsel's statement was incorrect in any way.

{¶17}   Both defense counsel and the assistant prosecuting attorney are well-qualified and excellent lawyers, who are known to follow the rules of court.  The Comments to Prof.Cond.R. 3.3, entitled "Candor to the Tribunal," specifically state:

> [T]the lawyer must not allow the tribunal to be misled by false statements of law or fact or evidence that the lawyer knows to be false. * * * [A]n assertion purporting to be on the lawyer's own knowledge, as in an affidavit by the lawyer *or a statement in open court*, may properly be made only when the lawyer knows the assertion is true or believes it to be true on the basis of a reasonably diligent inquiry.

(Emphasis added.) Prof.Cond.R. 3.3, Comments 2 and 3.

{¶18} So I presume that both lawyers, as part of regular procedure, followed these exhortations, and properly and correctly reported what had occurred in chambers. If the information was untrue, good lawyers like these would not have placed it in or agreed to it on the record. Therefore, I am required, as a matter of ethics, to accept their statements as accurate representations and, effectively, an undisputed stipulation as to the events in chambers.

{¶19} Thus, I see no valid reason to require Beasley to enter a no-contest plea on the record when it is clear that doing so would have been futile. The law does not require a vain or useless act. *Scanlon v. Scanlon*, 8th Dist. Cuyahoga Nos. 99028 and 99052, 2013-Ohio-2694, ¶ 17; *Showe Mgmt. Corp. v. Moore*, 5th Dist. Licking No. 08 CA 10, 2009-Ohio-2312, ¶ 42.

{¶20} I would hold that the trial court abused its discretion in refusing to accept Beasley's no-contest plea based on a blanket policy, a policy stated and then reiterated on the record without any objection or contradiction by the trial court or two officers of the court, and that therefore, Beasley was prejudiced as she was denied the right to appeal the denial of her motion to suppress. (I take no position as to the merits of that motion.) Consequently, I would reverse the trial court's judgment and remand the matter to the trial court to allow Beasley to enter a new plea, or go to trial.

Please note:

The court has recorded its own entry this date.

7