OPINION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas that denied appellant's motion to withdraw his guilty plea. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
"ASSIGNMENT OF ERROR # I:
 "THE TRIAL COURT ERRED IN ITS RESPONSIBILITY OF THE TRIAL COURT WITH THE ASSISTANCE OF
 PROSECUTING ATTORNEY, TO ENSURE THAT THE ACCUSED IS BROUGHT TO TRIAL WITHIN THE MANDATORY SPEEDY TRIAL TIME LIMITS: REVIEWING COURT MUST BE ORDER DEFENDANT DISCHARGED WHEN RESPONSIBILITY IS NOT FULFILLED.
"ASSIGNMENT OF ERROR # II:
 "AN INDICTMENT AMENDED TO CHANGE THE OFFENSE OF ATTEMPTED FELONIOUS ASSAULT, WHERE IT AVERS THE ACCUSED DID KNOWINGLY ATTEMPT TO CAUSE PHYSICAL HARM TO LIEUTENANT PEPITONE, TO INCLUDE THE ELEMENT OF `CAUSE' IS IMPROPER BECAUSE IT CHANGED THE IDENTITY OF THE CRIME.
"ASSIGNMENT OF ERROR # III:
 "AN INDICTMENT AMENDED TO CHANGE THE OFFENSE FROM KNOWINGLY CAUSE PHYSICAL HARM TO KNOWINGLY CAUSE OR ATTEMPT TO CAUSE PHYSICAL HARM IS IMPROPER BECAUSE IT CHANGED THE IDENTITY OF THE CRIME FROM ONE WHICH FAILS TO STATE AN OFFENSE."
On August 9, 1994, appellant was indicted on three counts of felonious assault in violation of R.C. 2903.11(A)(2), with a firearm specification attached to each count; one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), with a firearm specification; two counts of retaining stolen property-motor vehicle, in violation of R.C. 2913.51; one count of possession of criminal tools, in violation of R.C. 2923.24; and one count of failure to comply with the signal of a police officer, in violation of R.C. 2921.331(B) and (C)(1) or (C)(2). On June 19, 1995, pursuant to the plea agreement, the state nollied one count of felonious assault, the aggravated robbery count, one count of retaining stolen property, and the firearm specifications. Appellant orally and in writing waived his right to trial by jury or to the court, withdrew his former plea of not guilty and entered a plea of guilty pursuant to North Carolina v.Alford to the remaining counts of the indictment. Also on June 19, 1995, appellant was found guilty and sentenced. On February 1, 1999, appellant filed a motion to withdraw his guilty plea, claiming manifest injustice. On February 8, 1999, the trial court denied appellant's motion, finding that the record did not establish "manifest injustice" as required by Crim.R. 32.1 for a plea to be withdrawn after sentence is imposed. It is from that judgment that appellant appeals.
A motion to withdraw a plea is addressed to the sound discretion of the trial court. Id., paragraph two of the syllabus. Absent an abuse of that discretion, we must affirm the decision of the trial court. State v. Hayes (July 25, 1997), Meigs App. No. 96CA23, unreported.
Crim.R. 32.1 governs the withdrawal of a guilty plea:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
A defendant does not have an absolute right to withdraw a guilty plea. Once sentence has been imposed, a defendant may withdraw his plea only upon a showing that withdrawal is necessary to correct a manifest injustice. Crim.R. 32.1. A post-sentence withdrawal motion is allowable only in extraordinary cases. Statev. Smith (1977), 49 Ohio St.2d 261, 264. It is the defendant's burden to establish the existence of manifest injustice.Id., paragraph one of the syllabus.
In his first assignment of error, appellant asserts that he was denied his right pursuant to R.C. 2945.71 to be brought to trial within two hundred and seventy days of the date of his arrest. Appellant further argues that, pursuant to R.C.2945.71(E), he should have been brought to trial within ninety days, which would have been November 7, 1994, because he was held in jail from the date of his arrest.
The general view held by Ohio courts is that where an accused enters a plea of guilty he waives his right to raise the denial of his right to a speedy trial on appeal. Montpelier v.Greeno (1986), 25 Ohio St.3d 170. In Partsch v. Haskins (1963),175 Ohio St. 139, 141, the Supreme Court of Ohio stated, in relevant part, that "even assuming petitioner had made a demand for a speedy trial, when he entered his plea of guilty * * *, it amounted to a withdrawal of such demand and waived his right to insist on * * * a speedy trial." We note that in this case appellant entered his plea pursuant to State v. Alford. In Statev. Carter (1997), 124 Ohio App.3d 423, 429, the Court of Appeals for Clark County stated that "* * * an Alford plea is merely a species of guilty plea, having the effect of waiving [defendant's] right to appeal from the denial of his speedy trial motion."
Upon consideration of the entire record of proceedings in this case and the law, this court finds appellant's first assignment of error not well-taken.
In his second assignment of error, appellant appears to assert that the trial court erred by amending a charge of attempted felonious assault in the indictment to a charge of felonious assault. Appellant's argument is without merit. An examination of the indictment reveals that appellant was originally charged with three counts of felonious assault pursuant to 2903.11(A)(2) and entered a plea to two counts of that offense. Contrary to appellant's belief, the indictment was never amended and the assault offenses to which appellant entered a plea are the same as those with which he was originally charged. Accordingly, appellant's second assignment of error is not well-taken.
In his third assignment of error, appellant again refers to the indictment as having been amended and asserts that Count 1 failed to state an offense. Count 1 of the indictment alleged in relevant part that appellant "* * * did knowingly cause physical harm to Reynard Lewis, by means of a deadly weapon, to wit, a firearm, in violation of § 2903.11(A)(2) of the Revised Code * * *." The record shows that appellant entered a plea to Count 1 as quoted above. As we have stated, the indictment was never amended and appellant's belief that Count 1 was somehow flawed is without merit. Accordingly, appellant's third assignment of error is not well-taken.
Upon consideration of the foregoing, we find that the trial court did not abuse its discretion by denying appellant's motion to withdraw his plea on the basis that he failed to show that withdrawal of the plea was necessary to correct a manifest injustice.
On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Lucas County Court of Common Pleas is affirmed.
JUDGMENT AFFIRMED
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 _______________________________ JUDGE
 Richard W. Knepper, J.
_______________________________
Mark L. Pietrykowski, J.
JUDGE
CONCUR.
 _______________________________ JUDGE