OPINION
¶ 1 Defendant-appellant, John Kidd, appeals his conviction in the Madison County Court of Common Pleas for illegal conveyance of drugs on the grounds of a detention facility, in violation of R.C. 2921.36(A)(2). We affirm appellant's conviction.
¶ 2 On May 13, 2001, appellant, who was an inmate at Madison Correctional Institution, received a visit from his wife, Andrea Kidd. During the course of their visit, Corrections Officer Randy Sparkman supervised appellant and his wife through a one-way mirror. Officer Sparkman observed appellant as he put his right hand in his wife's left coat pocket and retrieved what the officer believed to be several small "balloons," which appellant then placed into a Frito bag.[1] Officer Sparkman confiscated the Frito bag and handcuffed the appellant. Appellant was then placed in solitary confinement until his scheduled release date on July 28, 2001.
¶ 3 On October 24, 2001, the day before trial on the illegal conveyance charge, appellant moved to dismiss the charges against him for failure to comply with the speedy trial requirements of R.C. 2945.71(C)(2). The court denied appellant's motion. Appellant also moved to suppress evidence obtained from telephone conversations between appellant and his wife, which occurred while appellant was an inmate at the institution. The court denied this motion as well.
¶ 4 Following the pretrial hearing, a jury was impaneled and the trial began. After the presentation of the state's first witness, appellant pled guilty to the charge contained in the indictment for an agreed sentence of two years. The court accepted appellant's plea, found appellant guilty, and sentenced him to two years in the Ohio Department of Corrections. Appellant now appeals his conviction, raising the following assignments of error:
Assignment of Error No. 1
 "THE TRIAL COURT ERRED IN ACCEPTING THE APPELLANT'S TENDER OF A GUILTY PLEA, AS KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE"
Assignment of Error No. 2
 "THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION TO DISMISS FILED OCTOBER 24, 2001"
Assignment of Error No. 3
 "THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION TO SUPPRESS FILED OCTOBER 24, 2001"
 ¶ 5 First, appellant argues that because the judge stated on the record that he would not accept a plea of no contest based on the state's plea offer, his plea was not made knowingly, intelligently, and voluntarily, as required by Crim.R. 11(C)(2). Also, appellant argues that because the state required a guilty plea as part of plea negotiations, his plea was not made knowingly, intelligently, and voluntarily.
¶ 6 Crim.R. 11(C)(2) provides the procedure a trial court must follow when accepting a guilty plea in a felony case, and states:
¶ 7 "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
¶ 8 "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
¶ 9 "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
¶ 10 "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
¶ 11 A trial court must strictly comply with the provisions of Crim.R. 11 that relate to constitutional rights. State v. Ballard(1981), 66 Ohio St.2d 473, paragraph two of the syllabus. Even though thetrial court is not required to quote the specific language contained inthe statute, the record must indicate that the trial court explainedthese rights in a manner reasonably intelligible to the defendant. Id.However, the trial court need only substantially comply with therequirements of Crim.R. 11 that involve the waiver of non-constitutionalrights. Id. at 476; State v. O'Connor, Butler App. No. CA2001-08-195, 2002-Ohio-4122. For a court to substantially comply with Crim.R. 11, under the totality of the circumstances, the court must determine that the defendant subjectively understands the implications of his plea and the rights he is waiving. State v. Nero (1990), 56 Ohio St.3d 106, 108;State v. Stewart (1977), 51 Ohio St.2d 86, 92.
 ¶ 12 Upon thoroughly examining the record, we find that the trial court complied with the requirements of Crim.R. 11(C) before accepting defendant's guilty plea. The record indicates that the court explained to appellant the charges against him, and determined that appellant understood those charges. The court explained the potential maximum sentences it could impose against appellant, and appellant indicated that he understood. The court then explained the potential terms of appellant's post-release state supervision, and appellant again indicated that he understood.
¶ 13 Next, the court explained the consequences of entering a guilty plea, which included the waiving of appellant's right to a jury trial to determine his guilt or innocence, appellant's right to confront adverse witnesses, appellant's right to compel witnesses to appear in his defense, the requirement that the state is required to prove guilt beyond a reasonable doubt, and appellant's right not to testify. After the court explained these rights to appellant, the following exchange took place:
 ¶ 14 "Court: If you enter a guilty plea, you simply give up those rights, do you understand that?
 ¶ 15 "Kidd: Yep.
 ¶ 16 "Court: Okay. Your counsel has withdrawn a not guilty plea, [and] entered a guilty plea. I ask you in open court is that your plea?
 ¶ 17 "Kidd: That is my plea, guilty.
 ¶ 18 "Court: Other than what has been said here today, [have] any promises, threats, or representations of any kind been made to get you to enter the plea?
 ¶ 19 "Kidd: Just when I get out of the penitentiary do I have to come — is my parole here?
 ¶ 20 "Court: No, under state supervision.
¶ 21 "Kidd: So I go — I can go.
 ¶ 22 "Court: Once you are sentenced here, I have no further jurisdiction over you period.
 ¶ 23 "Kidd: Fair enough.
¶ 24 "Court: You understand that?
¶ 25 "Kidd: Oh yes."
¶ 26 The record is clear that the court engaged in dialogue to determine that appellant understood the consequences of entering a guilty plea. The court carefully explained to the appellant those implications and the rights he was waiving, and appellant acknowledged that he understood.
¶ 27 Appellant argues that the court did not properly advise him of the consequences of entering a plea of guilty as opposed to a plea of no contest. In support of this argument, appellant claims that nothing in the record indicates that he knew or understood the distinction between a guilty plea and a no contest plea. Appellant further argues that he would not have entered a guilty plea had he known that doing so would foreclose his right to challenge the adverse pretrial motions. See State v. Kelly(1990), 57 Ohio St.3d 127, 128.
 ¶ 28 In making this argument, appellant seems to assume that he has an unqualified right to plead no contest. A defendant may plead no contest with the trial court's consent. Crim.R. 11(A). However, a trial court has the discretion to decide whether to accept or reject a no contest plea. State v. Carter (1997), 124 Ohio App.3d 423, 428.
 ¶ 29 In addition, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect related to the trial court's failure to comply with Crim.R. 11. Nero at 108. However, the list of rights inCrim.R. 11(C) does not include the right to contest pretrial rulings.State v. Drawdy (Aug. 4, 1988), Cuyahoga App. No. 52154, 1988 WL 87584,at *2. Where the trial court complies with the provisions of Crim.R.11(C)(2), appellant is not prejudiced when the court fails to inform himof the effect of his plea on pretrial motions. State v. Marshall (Nov. 3, 1994), Cuyahoga App. No. 66121, 1994 WL 613830, at *1. A trial court is not required to inform the accused and determine that he understands the effect of a no contest plea when the defendant has already agreed to enter a guilty plea. Id. The court is required to make a determination only with respect to the plea that the defendant actually plans to enter. Id.
¶ 30 The record indicates that appellant pleaded guilty as part of a negotiated plea agreement that did not afford appellant the option to plead no contest. A negotiated plea agreement is a contract and is governed by contract law standards and principles. State v. Butts(1996), 112 Ohio App.3d 683, 685-686; Baker v. U.S. (C.A.6 1986),781 F.2d 85, 90; Santobello v. N.Y. (1971), 404 U.S. 257, 92 S.Ct. 495.
 ¶ 31 Once appellant offered to enter a guilty plea to the charge contained in the indictment in exchange for a two-year sentence, and the state accepted this offer, appellant was bound under contract principles to do as he promised. This does not make appellant's plea involuntary, because he was not obligated to enter into the plea agreement. The record shows that during the trial, appellant voluntarily entered into the plea agreement, which included the condition that he enter a guilty plea to the charges in the indictment.
¶ 32 We note that, as argued by appellant, the court stated on the record that if a jury was to find appellant guilty, the court could impose a sentence longer than the two-year sentence contained in the plea agreement. However, the court made this statement after appellant entered into the plea agreement, so it could not have influenced appellant's decision to enter into the plea agreement with the state. Furthermore, nothing in the record indicates appellant ever intended to plead no contest or that he disputed the factual allegations contained in the indictment.
¶ 33 We find that under these circumstances, where the plea agreement between appellant and the state did not include the option for appellant to enter a no contest plea to the charges, the court was not required to explain to the appellant the consequences of a no contest plea.
¶ 34 Appellant further argues that his guilty plea was not entered knowingly, intelligently, or voluntarily because the state did not give appellant the opportunity to plead no contest to the charges. Appellant bases this argument on his assumption that the state wanted to foreclose the possibility of the appellant challenging the court's pretrial rulings on the speedy trial and suppressible evidence issues on appeal. Appellant argues that his entry of a guilty plea was predicated upon the mistaken belief that he would not foreclose his appellate remedies.
¶ 35 We do not find this argument persuasive. The record indicates that during the trial appellant offered to plead guilty to the charges contained in the indictment, and appellant and the state agreed on a two-year sentence conditioned on that guilty plea. As we have already discussed, appellant was under no obligation to enter into the plea agreement with the state. Appellant's trial was already in progress, and he had the option to continue with the trial to allow the jury to determine his innocence or guilt. However, appellant voluntarily chose to enter into a plea agreement with the state, and in doing so, appellant foreclosed his right to challenge the court's pretrial rulings on appeal. Therefore, this argument is without merit.
¶ 36 Appellant further argues that had he known that his plea of guilty would prevent him from challenging the court's denial of his pretrial motions, he would not have entered the guilty plea. However, there is no mention of appellant's desire to preserve his right to challenge the court's rulings on the pretrial motions in the record.
¶ 37 For the foregoing reasons, we find that the trial court properly complied with Crim.R. 11(C), and that appellant's guilty plea was knowingly, intelligently, and voluntarily made. Accordingly, appellant's first assignment of error is overruled.
¶ 38 In appellant's second and third assignments of error, he argues that the trial court erred in overruling his pretrial motions. Specifically, the trial court overruled appellant's motion to dismiss and his motion to suppress. However, we need not consider the merits of appellant's arguments because appellant waived his right to contest the adverse rulings on these pretrial motions by entering a guilty plea. SeeState v. Kelly (1990), 57 Ohio St.3d 127, 128. Specifically, when adefendant enters a guilty plea, he waives his right to challenge hisconviction on statutory speedy trial grounds pursuant to R.C. 2945.71.Montpelier v. Greeno (1986), 25 Ohio St.3d 170, 172. Similarly, when adefendant enters a guilty plea, he waives the right to challenge a trialcourt's decision to overrule a pretrial motion to suppress. Huber Heightsv. Duty (1985), 27 Ohio App.3d 244. For these reasons, appellant'sarguments are moot, and his second and third assignments of error areaccordingly overruled.
 ¶ 39 For the foregoing reasons, we find that appellant entered his guilty plea knowingly, intelligently, and voluntarily. The trial court properly complied with the requirements of Crim.R. 11(C) when accepting appellant's guilty plea.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.
[1] According to the testimony of Officer Sparkman, it is common for a visitor to transport illegal substances into correctional institutions by placing the substances in small balloon-like containers, which the inmate will ingest and later retrieve after vomiting or a bowel movement.