BILLINGTON, APPELLANT, *v.* COTNER ET AL., APPELLEES.

(No. 31860—Decided December 7, 1972.)

*Mr. Fred J. Ball,* for appellant.
*Mr. Richard R. Hollington, Jr.,* for appellees.

I

DAY, J. This appeal stems from the refusal of the Court of Common Pleas to allow attorney fees to the plaintiff for services in a taxpayer's suit filed by him pursuant to

R. C. 733.59[1] and the Charter of the City of Cleveland, Section 92.[2] The plaintiff taxpayer sought to restrain the defendants from printing, mailing and expending funds to print and mail copies of Cleveland Ordinance No. 1918-69, containing a proposed charter amendment, to the electors of the City of Cleveland.[3]

The trial court found against the plaintiff, denied the restraints sought, ordered him to pay costs and set the appeal bond at Forty-Five Thousand Dollars ($45,000.00).

The City of Cleveland appealed without bond. The plaintiff did not appeal. Ultimately the Supreme Court of Ohio determined that the plaintiff "was entitled to the relief prayed for in his action. . . ." *Billington* v. *Cotner* (1971), 25 Ohio St. 2d 140, 153.

At this point the plaintiff sought attorney fees. He was refused. It is apparent from the record that the trial court based its refusal on the failure of the plaintiff to pursue the appeal which, in the end, resolved the issues in the case favorably to him.[4]

---

[1] Section 733.59. Suit by taxpayer.

"If the solicitor fails, upon the written request of any taxpayer of such municipal corporation, to make any application provided for in Sections 733.56 to 733.58 inclusive of the Revised Code, such taxpayer may institute suit in his own name, on behalf of the municipal corporation. Any taxpayer of any municipal corporation in which there is no solicitor may bring such suit on behalf of such municipal corporation. No such suit or proceeding shall be entertained by any court until the taxpayer gives security for the cost of the proceeding."

[2] Section 92. Hearing, Judgments, Costs.

"If the court hearing any such action be satisfied that the taxpayer had good cause to believe his allegations were well founded, or that they are sufficient in law, it shall make such order as the equity and justice of the case demand. In such case the taxpayer shall be allowed his costs, and if judgment be finally entered in his favor, he may be allowed as part of the costs a reasonable compensation for his attorney."

[3] The amendment would effect changes in the composition of the Board of Control of the City of Cleveland.

[4] From the whole record (Tr. of Proceedings on 9/13/71) it is apparent that the Court below thought the attorney fees reasonable but that the failure to prosecute the appeal by the plaintiff foreclosed the allowance of fees to him. A brief excerpt from the record will substantiate the point:

We reverse and remand for further proceedings according to law in accordance with this opinion.

## II

It is our view that because the plaintiff initiated the taxpayer's suit after the city failed to proceed on demand, his action set in motion the chain of legal events resulting in a determination which, ultimately, vindicated his right to the relief he sought. This result satisfied the requirement of Section 92 of the Charter of the City of Cleveland that ". . . the judgment is finally ordered in his favor" and qualified plaintiff's attorney fees for consideration for payment.

## III

The policy of Section 92 and R. C. 733.59 is obvious. It is designed to encourage taxpayers to take action against illegal governmental activity. For this reason the unambiguous statutory and charter sections are entitled to an interpretation which will effect their purposes.[5] The clarity of the sections in question will not countenance an interpolation of phrases which, in effect, amend the sections to require "appeal" as well as institution of suit *and* that the *successful final judgment* be considered such only "after an appeal" if appeal is necessary. A more serious objection to inserting such requirements by an appellate gloss is that it would seriously interfere with legislative policy objectives by discouraging taxpayer action. There is no con-

---

"The Court: To be very honest with you, my thinking at the moment is, as I said a moment ago, that your fees are reasonable, and if you are entitled to it they will be allowed.

"Mr. Ball: All right.

"The Court: But that question will be determined, whether or not you are entitled to it, because you did fail to prosecute the taxpayer's appeal." (Tr. 8-9)

[5]The language of a statute is not subject to judicial interpretation where the wording itself is clear and unambiguous. See *Railway Co.* v. *Naylor* (1905), 73 Ohio St. 115; *State, ex rel. Foster,* v. *Evatt* (1944), 144 Ohio St. 65; and *State, ex rel. Wallace,* v. *Celina* (1972), 29 Ohio St. 2d 109. A charter section interpretation is no different. We need not decide what direction judicial interpretation could take to avoid an absurd result or one simply, but clearly, contrary to the legislative intent.

ceivable justification for a judicial construction of a statute to defeat a clear, constitutional legislative intention.

## IV

*Brauer* v. *Cleveland* (1966), 7 Ohio St. 2d 94, 95-96, does not require the plaintiff to create a fund in order to qualify for consideration for attorney fees. In that case the Supreme Court first notes specifically that R. C. 733.59 "does not require that a fund be either created or preserved as a pre-requisite to an allowance of fees" and then lays it down that its holding in *State, ex rel. Scott,* v. *Masterson* (1962), 173 Ohio St. 402, does *not* require that "counsel fees cannot be allowed to a taxpayer unless a fund has been created or preserved." The court then decides in *Brauer* against the fee allowance because the rights protected were *private*, not public, rights.

For the present case it is important to emphasize that the role the Supreme Court assigns the creation or preservation of a fund is simply that of "one of the things to be considered by a court in exercising its discretion in the matter of allowance of such fees." Thus, the preservation or creation of a fund is not *per se* dispositive.

## V

In this case it is apparent that the Court of Common Pleas never reached the point at which its discretion properly would have been exercised. Feeling the question of fees foreclosed by the failure of the plaintiff to appeal, the court went no further.

The proper fee is a matter of discretion in the control of the trial court. Even if discretion is abused an appellate court will ordinarily not substitute its judgment for that of the trial judge beyond a negation of the abuse. However, it is within the appellate ambit to determine that a trial judge must exercise his discretion though refraining from telling him how to do it.

Therefore, the remand in this case is for a narrow purpose—to allow the trial judge to exercise his discretion in the matter of fees free from the notion that he has no power to act because plaintiff did not prosecute the appeal. The trial court is at liberty, of course, to consider the failure

to appeal as an element to be weighed in determining the value of the legal services.

The judgment is reversed and the cause remanded.

*Judgment reversed.*

MANOS and KRENZLER, JJ., concur.