The STATE of Ohio, Appellee,

v.

CARTER, Appellant.

[Cite as *State v. Carter* (1997), 124 Ohio App.3d 423.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 96–CA–15.

Decided Dec. 12, 1997.

*Stephen C. Collins*, Clark County Assistant Prosecuting Attorney, for appellee.
*Julie Olson*, Clark County Public Defender's Office, for appellant.

FAIN, Judge.

Defendant-appellant, Warren Duane Carter, appeals from his conviction and sentence on one count of forgery and one count of possession of criminal tools. Carter contends that his guilty plea was coerced by the trial court's failure to render findings of fact associated with the denial of his speedy trial motion and by the trial court's policy of not accepting no-contest pleas. Carter also argues that his constitutional right to a speedy trial was violated.

We conclude that the trial court's across-the-board policy of not accepting no-contest pleas, without particularized consideration of the facts and circumstances of each case, is an abuse of discretion.

This appeal is in an unusual posture because Carter has served the sentence he received as a result of his guilty plea, and his appellate counsel has advised this court, by telephone, that Carter does not wish to disturb his conviction and sentence for the understandable reason that he would be exposed to the risk of additional incarceration if, upon remand, he were to be convicted and resentenced. Accordingly, this appeal is dismissed in the interests of justice, but, because the error of which Carter complains—the trial court's practice of never accepting no-contest pleas—is capable of repetition, yet evading review, we decline to dismiss the appeal on mootness grounds, but, instead, address and decide Carter's assignment of error addressed to this issue.

## I

On May 30, 1995, the Clark County, Ohio Grand Jury indicted defendant-appellant, Warren Duane Carter, on three counts of forgery and two counts of possession of criminal tools. At his arraignment, Carter pled not guilty to the crimes charged. On February 9, 1996, Carter filed a motion to dismiss the indictment based on a purported violation of his right to a speedy trial. During a hearing held the same day, the trial court overruled Carter's motion.

On February 15, 1996, in a hearing before the trial court, the prosecutor proposed a settlement in which Carter would receive a recommended concurrent sentence of eighteen months if he agreed to plead guilty to one count of forgery and one count of possession of criminal tools, the remaining counts being dismissed. In response to the prosecutor's proposed settlement, Carter's counsel informed the trial court that Carter was interested in a no-contest plea. At that point, the trial court interrupted counsel and stated: "Mr. Carter, I do not accept no-contest pleas. I would accept an *Alford* plea [*North Carolina v. Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162]." Carter and his counsel, after considering the trial court's refusal to accept a no-contest plea, agreed to the prosecutor's proposed settlement, which was accepted by the trial court. Upon Carter's plea of guilty to one count of forgery and one count of possession of criminal tools, he was sentenced to eighteen months incarceration for each count, sentences to run concurrently.

From the judgment of the trial court, Carter appeals.

## II

Carter's assignments of error are as follows:

"The trial court erred in refusing to state its essential findings of fact on the record after the defendant orally and by written motion requested that the court put its findings of fact on the record.

"By refusing to state its essential findings of facts on the record the trial court coerced the defendant into entering an involuntary guilty plea.

"The trial court's error in failing to place its essential findings of fact on the record, and subsequent refusal of the defendant's no contest plea, necessitates that the defendant's waiver of his constitutional and statutory rights to a speedy trial be expressed in writing or made in open court on record.

"The trial court erred when it denied the defendant's motion to dismiss for failure to bring the defendant to trial within the statutory time requirements.

"The state's failure to bring the defendant to trial within two hundred and seventy days is a violation of his constitutional right to a speedy trial."

Carter argues that the trial court erred in denying his motion to dismiss the indictment based on a violation of his right to a speedy trial. Although he pleaded guilty to two counts of the indictment, Carter contends that the trial court's failure to render findings of fact relating to his speedy trial motion coerced his guilty plea and that this court should ignore his plea for the purpose of determining whether the state violated his right to a speedy trial. Alternatively, Carter argues that the trial court's refusal to accept his no-contest plea forced him to plead guilty and thereby waive his right to appeal the denial of his speedy trial motion.

Upon the request of this court for supplemental briefing, Carter has further addressed this last issue by advancing two arguments:

"The trial judge's blanket refusal to accept a no contest plea from the defendant–appellant or from any defendant is an abuse of discretion and a violation of a defendant's equal protection rights.

"The trial judge's blanket refusal to accept a no contest plea from the defendant–appellant or from any defendant in his courtroom unduly coerces a defendant's guilty plea and, therefore, coerces a waiver of the defendant's right to appeal a pretrial motion."

Carter argues that the trial court's refusal to accept his no-contest plea was part of a blanket policy of never accepting no-contest pleas, which constitutes an abuse of discretion. Carter also argues that this blanket policy violates his right to equal protection under the United States Constitution and the Ohio Constitution. In addition, Carter argues that the trial court's flat refusal to accept a no-contest plea forced him to plead guilty, or otherwise risk a more severe sentence, and thus coerced his guilty plea, which waived his right to appeal the denial of his speedy trial motion.

During the February 15, 1996 hearing, the following colloquy took place:

"Trial Court: Mr. Marshall [Defendant's counsel], how does the Defense wish to proceed?

"Mr. Marshall: Your Honor, while Mr. Collins [Prosecutor] is putting that on the record, Mr. Carter asked me, he tells me that he was under the impression that he could plead no contest here today. You're not—

"Mr. Collins: (Shakes head.)

"Trial Court: Mr. Carter, I do not accept no contest pleas. I would accept an *Alford* plea.

"Defendant: A what?

"Trial Court: Counsel can inform you.

"* * *

"Trial Court: The Court is back on record in State versus Carter. How does the Defense wish to proceed?

"Mr. Marshall: For the record, Your Honor, the Court has indicated that it would not accept a no contest plea but it would accept an *Alford* plea. Mr. Collins said that an *Alford* plea was not acceptable to him. The only thing that was acceptable to him was a guilty plea to the two counts. I've discussed that matter with Mr. Carter. Mr. Carter understands that he's got five counts pending against him, if he were to go to trial on the five counts that he could lose one or more of those counts, and the sentences could be run consecutively and they could also be run consecutive with any time that he's already doing. He does not want to risk that, so he feels that his only choice here this morning then is to go ahead and plead guilty to the two counts that have been mentioned in the negotiated plea, so at this time Mr. Carter will go ahead and plead guilty to Counts Three and Four of the indictment. I guess that's all."

After this colloquy, the trial court explained to Carter the ramifications of a guilty plea, and Carter, after acknowledging the trial court's explanation, waived his right to a jury trial.

▌ As a threshold matter, we recognize that a plea of guilty waives the defendant's right to appeal from his conviction based on a purported violation of his statutory right to a speedy trial. *State v. Kelley* (1991), 57 Ohio St.3d 127, 566 N.E.2d 658, paragraph one of the syllabus. Carter suggests that we disregard his waiver in view of the trial court's failure to render findings of fact relating to the denial of his speedy trial motion. Rather than determine whether the failure of the trial court to issue such findings coerced his subsequent guilty plea, we instead choose to examine Carter's alternate claim that the trial court's policy of refusing no-contest pleas forced him to enter a guilty plea. As the Supreme Court of Ohio has noted, we are not precluded from inquiring into the propriety of the defendant's guilty plea. *Kelley*, 57 Ohio St.3d at 130, 566 N.E.2d at 661 ("We do not foreclose an appellate court from reviewing other proceedings which affirmatively show that a defendant was improperly coerced into submitting his plea.").

▌ We agree with Carter that the record clearly demonstrates that the trial court had a blanket policy of not accepting no-contest pleas. Although Carter suggests that this policy violated his constitutional right to due process and rendered his subsequent guilty plea involuntary, we choose to avoid the potentially broad implications of these constitutional principles in favor of a more narrowly tailored resolution of the matter. Cf. *In re Boggs* (1990), 50 Ohio St.3d 217, 221, 553 N.E.2d at 680–681 (noting that constitutional issues should not be decided

unless absolutely necessary), citing *Hall China Co. v. Pub. Util. Comm.* (1977), 50 Ohio St.2d 206, 210, 4 O.O.3d 390, 392–393, 364 N.E.2d 852, 854. Accordingly, we will examine Carter's remaining argument that the trial court's policy of never accepting no-contest pleas was an abuse of discretion.

Pursuant to Crim.R. 11(B)(2), "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Unlike a guilty plea, a plea of no-contest does not prevent the defendant from appealing from the trial court's ruling on a pretrial motion. Crim.R. 12(H). The trial court has discretion to accept or reject a no-contest plea. Crim.R. 11(A). Absent an abuse of that discretion, the judgment of the trial court must be affirmed. See *State v. Mehozonek* (1983), 8 Ohio App.3d 271, 273, 8 OBR 364, 365–366, 456 N.E.2d 1353, 1355–1356.

In Ohio, the universally accepted definition of an abuse of discretion is an attitude by the court that is unreasonable, arbitrary, or unconscionable. See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1141–1142. The word "arbitrary" has been defined as " 'without adequate determining principle, * * * not governed by any fixed rules or standards.' " *Dayton, ex rel. Scandrick v. McGee* (1981), 67 Ohio St.2d 356, 359, 21 O.O.3d 225, 226, 423 N.E.2d 1095, 1097, quoting Black's Law Dictionary (5 Ed.Rev.). Other definitions include "[i]n an unreasonable manner, as fixed or done capriciously or at pleasure[;] * * * [w]illful and unreasoning action, without consideration and regard for facts and circumstances presented." Black's Law Dictionary (6 Ed.Rev.1990) 104.

We find that the trial court's policy of not accepting no-contest pleas constituted an abuse of discretion in that the trial court arbitrarily refused to consider the facts and circumstances presented, but instead relied on a fixed policy established at its whim. Although the trial court has the discretion to refuse to accept a no-contest plea, it must exercise its discretion based on the facts and circumstances before it, not on a blanket policy that affects all defendants regardless of their situation. In short, the trial court must exercise its discretion in each case. Cf. *Billington v. Cotner* (1972), 32 Ohio App.2d 277, 280, 61 O.O.2d 344, 346, 290 N.E.2d 862, 864 ("[I]t is within the appellate ambit to determine that a trial judge must exercise his discretion though refraining from telling him how to do it."), reversed on other grounds (1974), 37 Ohio St.2d 17, 20, 66 O.O.2d 9, 11, 305 N.E.2d 805, 807–808.

After finding that the trial court abused its discretion by refusing to accept Carter's no-contest plea pursuant to its own blanket policy, we also find

that the trial court's error prejudiced Carter by denying him the opportunity to preserve his right to appeal the denial of his speedy trial motion. The trial court did permit Carter to render an *Alford* plea—a plea based on *North Carolina v. Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, wherein the Supreme Court of the United States held that a plea of guilty may be accepted by the court despite the defendant's protestations of innocence; however, an *Alford* plea is merely a species of guilty plea, having the effect of waiving Carter's right to appeal from the denial of his speedy trial motion. See Crim.R. 11(A). During the hearing, Carter weighed his options and chose to accept the prosecutor's proposed settlement after recognizing that the trial court was refusing to accept a no-contest plea, pursuant to its blanket policy. Accordingly, we cannot say that Carter's guilty plea and consequent waiver of his right to appeal the denial of his speedy trial motion were independent of, and untainted by, the trial court's refusal to accept his no contest plea.

We should point out that a trial court and the state are in materially different positions when it comes to the determination whether to accept a no-contest plea. For the state, that determination is part of the overall plea negotiation. If, as in this case, the state gives significant concessions in exchange for the defendant's plea, it may well decide to hold out for a guilty plea, so as to avoid the risk and expense of defending an appeal concerning the disposition of pretrial motions. That would be part of the negotiation. The trial court is not a party to a plea negotiation; its responsibility is to exercise the discretion that is confided to it.

We find Carter's second assignment of error to be well taken in the sense that the trial court abused its discretion by implementing a blanket, across-the-board policy of refusing to accept a no-contest plea; to that extent, Carter's second assignment of error is sustained. We find it unnecessary to address his other assignments of error.

### III

Carter's second assignment of error having been sustained, but his interests and the interests of justice requiring that his conviction and sentence not be disturbed in view of the fact that he has served his sentence and has elected not to be exposed to the possibility of further incarceration, this appeal is dismissed.

*Appeal dismissed.*

WOLFF and GRADY, JJ., concur.