OPINION
Defendant-Appellant, Michael A. Jackson, appeals a judgment of the Marion County Court of Common Pleas denying his presentence motion to withdraw a guilty plea. For the reasons that follow, we reverse the judgment of the trial court and remand the matter for further proceedings.
The record demonstrates that the Marion County Grand Jury issued a multi-count indictment against Appellant and four co-defendants for their alleged participation in the events that occurred on or about February 1, 1999. According to documents contained in the record, the State's case was based upon the theory that Appellant and the co-defendants forcibly entered an apartment occupied by Tracy White with the purpose to commit one or more offenses, including kidnapping, assault and extortion. The defendants also allegedly struck Terry Kinder in the head with a sawed off shotgun. While threatening further harm, the defendants took Terry Kinder to a bank against her will and forced her to withdraw cash in the amount of $500.
Appellant initially pled not guilty to the specific charges brought against him and the cause was set for a jury trial. On May 3, 1999, the day the jury trial was scheduled to begin, Appellant withdrew his prior plea and pled guilty to one count of aggravated burglary, one count of abduction and one count of extortion. The court placed the plea agreement on the record, and it is apparent from the transcript of that proceeding that Appellant intended to enter what is commonly known as an Alford plea. Sentencing was then set to occur at a later date.
Prior to sentencing, however, Appellant filed a motion to withdraw his plea. The motion was based upon an allegation of newly discovered evidence and was accompanied by an affidavit executed by Terry Kinder, stating that Appellant did not participate in any wrongdoing on or about February 1, 1999. The motion did not allege that the trial court accepted the plea erroneously or in violation of Crim.R. 11(C). The State of Ohio vigorously opposed the motion and, in fact, produced another affidavit from Kinder, this time stating that the first affidavit was inaccurate and executed under some type of duress. The State also made reference to evidence presented at the trial on the remaining co-defendants wherein Appellant was apparently linked to the criminal wrongdoing.
The trial court conducted a brief hearing on the motion on July 6, 1999. Again, counsel for Appellant maintained that the motion should be granted on the basis of the victim's affidavit. The trial court summarily denied the motion and sentenced Appellant to serve a total of three years on all charges. Appellant then filed this timely appeal, asserting the following assignment of error:
 The trial court erred and abused its discretion in denying the Defendant-Appellant's motion to withdraw his Alford plea filed prior to sentencing.
 In North Carolina v. Alford (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, the Supreme Court of the United States held that, under certain circumstances, a defendant may plead guilty to an offense despite continued protestations of innocence. Thus, it has been held that an Alford plea is "merely a species of guilty plea * * *." State v. Carter
(1997), 124 Ohio App.3d 423, 429. As such, the withdrawal of the plea is governed by Crim.R. 32.1:
 A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
 In explaining the standard to be applied for presentence motions to withdraw, the Supreme Court of Ohio stated that, although the motions should be liberally granted:
 1. A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.
 2. The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court.
 State v. Xie (1992), 62 Ohio St.3d 521, paragraphs one and two of the syllabus.
Based upon the record before us, we find that the trial court erred in refusing to allow Appellant to withdraw his plea. The factual differences in the affidavits submitted by the victim in this matter appear to be significant enough to constitute a reasonable and legitimate basis for Appellant's desire to withdraw. Furthermore, although the State of Ohio makes reference to the factual evidence presented at the trial on the co-defendants, we were not furnished with that testimony and cannot speculate as to its affect on Appellant's guilt or innocence, especially in light of the fact that the trial court did not cite this evidence as a reason to deny the motion. Thus, contrary to the argument advanced by the State, we find that Appellant's motion was based upon more than just a fleeting change of heart. See State v. Mack (Oct. 29, 1998), Allen App. No. 1-98-30, unreported.
We must note that although it was clearly not stated as a grounds for withdrawal in the trial court, Appellant makes an alternative argument on appeal that the motion should have been granted because the court improperly accepted the Alford plea by failing to ensure that entering the plea was a rational decision on Appellant's part. Based upon the foregoing discussion, we find it unnecessary to reach this issue.
Accordingly, Appellant's assignment of error is sustained.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is reversed and the matter is remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
 ______________________________ WALTERS, PRESIDING JUDGE
 HADLEY, P.J., concurs.
SHAW, J., concurs in judgment only.