OPINION
Defendant-appellant Marcus Montgomery appeals from his conviction and sentence, following a guilty plea, for one count of Possession of Drugs. Although Montgomery originally argued that the trial court erred by denying his motion to suppress evidence, he has revised his argument, in response to the State's having pointed out that his guilty plea waived any error in the denial of his motion to suppress, by arguing, instead, that his trial counsel was ineffective for having failed to advise him, that, by pleading guilty, he would be waiving any errors occurring up to that point. Montgomery also argues that his sentence is so disproportionate as to constitute a cruel and unusual punishment, in violation of the Ohio and United States constitutions.
We conclude that Montgomery cannot demonstrate, on this record, that his trial counsel was ineffective for having failed to advise him of the consequences of his guilty plea. Furthermore, we conclude that the sentence imposed, which is authorized by Ohio statutory law, is not so disproportionate as to constitute cruel and unusual punishment. Accordingly, the judgment of the trial court is Affirmed.
 I
Montgomery was charged by indictment with one count of Possession of Drugs, being a felony of the fifth degree, based upon his alleged possession of 1.24 grams of Psilocybin. The Psilocybin was contained in mushrooms that were found in Montgomery's backpack by a state park officer.
Montgomery moved to suppress the evidence, contending that it was obtained as the result of an unlawful search. Following a hearing, Montgomery's motion to suppress was denied.
Thereafter, Montgomery tendered a plea of guilty, which was accepted. Montgomery was then fined $1,000, and sentenced to five years of community control, including a six-month county jail sentence, with work release upon demonstration of employment, a drug and alcohol assessment, and basic community control supervision. From his conviction and sentence, Montgomery appeals.
 II
Although Montgomery has not assigned error, as required by App.R. 16(A)(3), we infer two assignments of error, the first of which is as follows:
 DEFENDANT'S TRIAL COUNSEL WAS INEFFECTIVE BY ALLOWING HIM TO PLEAD GUILTY WITHOUT REALIZING THAT A GUILTY PLEA WOULD OPERATE TO WAIVE ANY ERRORS OCCURRING IN THE PROCEEDINGS IN THE TRIAL COURT BEFORE THE TENDER AND ACCEPTANCE OF THE GUILTY PLEA.
In his original brief, Montgomery claimed that the trial court erred in denying his motion to suppress, because evidence was obtained against him as a result of an unlawful search and seizure. When the State pointed out that any error in the trial court's denial of his motion to suppress was waived when Montgomery pled guilty, Montgomery filed a supplemental brief, in which he argued that his trial counsel was ineffective for having failed to advise him of the fact that one consequence of his guilty plea would be to waive any error occurring in the proceedings in the trial court prior to the plea.
We conclude that this error is not demonstrated in the record. Montgomery filed a "Petition to Enter a Plea of Guilty." In that petition, Montgomery acknowledged that he knew that he was guaranteed "A right to appeal any Judgment of this Court to the Court of Appeals," if he pled not guilty. He did not, however, specifically acknowledge that he would be waiving any rights of appeal by pleading guilty. Nevertheless, Montgomery's trial counsel signed a "Certificate of Counsel," which immediately followed Montgomery's signed petition to enter a plea of guilty. In this certificate, Montgomery's trial counsel included the following statement:
 In my opinion the plea of "Guilty" offered by the Defendant paragraph 15 of the Petition is voluntarily and understandingly made. I recommend that the Court accept the plea of "Guilty."
When the trial court conducted the required dialogue with Montgomery, prior to accepting the plea, the following colloquy occurred:
 THE COURT: And do you wish to waive and give up these rights and plead guilty?
THE DEFENDANT: Yes.
 MS. THOMPSON: [apparently a reference to Christopher Thompson, Montgomery's trial counsel]: You're Honor, may I interrupt one second? I would ask the Court if the Court would accept a no contest plea in light of the circumstances. I guess we had a motion to suppress prior to this, and although it's not going to be me, I'm sure he's going to talk to somebody else, or if he does, I don't know, but since this is my last — second to last — appearance on the matter — I would like to possibly preserve —
 THE COURT: The Court is not interested in entertaining a no contest plea in this case.
MS. THOMPSON: Okay. Thank you.
Whereupon, the trial court continued with the guilty plea proceeding, concluded that the guilty plea was knowingly and voluntarily tendered, and accepted it.
On this record, we cannot conclude that Montgomery's trial counsel failed to advise him that one consequence of his guilty plea would be the waiver of any error in the trial court proceedings occurring before the tender and acceptance of the plea. Had Montgomery failed to understand this consequence of his guilty plea, that would have been inconsistent with his trial counsel's certification that the plea was "knowingly and understandingly made."
It may be that Montgomery's counsel's attempt, at the last minute, to convert his guilty plea into a no-contest plea was attributable to his counsel's failure to have recognized, earlier, that the guilty plea would waive any error in the denial of the motion to suppress, as his appellate counsel argued at the oral argument of this appeal. However, it is also possible that Montgomery and his trial counsel had discussed the distinction between the two pleas, but were unable to decide on a plea within the deadline set by the trial court, and so decided to tender the guilty plea, while attempting, nevertheless, to convert it to a no-contest plea at the plea hearing. (Montgomery's appellate counsel advised this court, during oral argument, that the trial court has a policy requiring any plea, other than a straight guilty plea to the charge, to be made before a certain number of days before trial.)
A trial court has discretion whether to accept a no-contest plea. Crim. R. 11(A). Although a trial court may not adopt a blanket policy of never allowing a no-contest plea, State v. Carter (1997),124 Ohio App.3d 423, we cannot determine from this record that the trial court abused its discretion in declining to permit a no-contest plea to be entered after a guilty plea had been tendered, both orally and in writing, and after a full hearing on the plea.
If, in fact, Montgomery was not made aware, when he tendered his guilty plea, that he would thereby be giving up his right to review on appeal the propriety of the trial court's denial of his motion to suppress, he may yet be entitled to post-conviction relief. In a direct appeal from a conviction and sentence, the reviewing court is limited to the record. The record in this cause includes a written recitation by Montgomery's trial counsel that his guilty plea was "knowingly and understandingly" made. Based upon this record, the presumption of regularity has not been overcome, and error has not been demonstrated in the record.
Montgomery's First Assignment of Error is overruled.
 III
Montgomery's Second Assignment of Error is inferred to be as follows:
 THE SENTENCE IMPOSED IN THIS CASE IS SO DISPROPORTIONATE AS TO CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT.
Whether a punishment is cruel and unusual, for purposes of both theEighth Amendment to the United States Constitution and Article I, Section9 of the Ohio Constitution, depends upon whether it is "so disproportionate to the offense as to shock the moral sense of the community." McDougle v. Maxwell (1964), 1 Ohio St.2d 68, 70.
Montgomery was convicted of the possession of Psilocybin mushrooms, which are hallucinogenic. The offense of which he was convicted is a felony of the fifth degree, punishable by a prison term of six, seven, eight, nine, ten, eleven, or twelve months. R.C. 2929.14(A)(5). The trial court did not sentence Montgomery to prison, but, instead, sentenced him to incarceration in the county jail, with work privileges if and when Montgomery became employed.
We are not so sheltered from the real world as to be unaware of the problem posed by illicit drugs in the United States. While this court might have exercised differently the discretion possessed by the trial court, we cannot say that the sentence imposed is so disproportionate to the offense as to shock the moral sense of the community. The trial court may rationally have concluded that incarceration in jail, with work release, was necessary to impress upon this defendant, and others similarly inclined, the seriousness of offenses involving the possession of hallucinogenic drugs.
Montgomery's Second Assignment of Error is overruled.
IV
Both of Montgomery assignments of error having been overruled, the judgment of the trial court is Affirmed.
 ______________________ FAIN, J.,
BROGAN and YOUNG, JJ., concur.