OPINION
{¶ 1} Plaintiff-appellant, Joe Fodal, appeals from his sentence for petty theft, following his guilty plea to that charge. Fodal argues that the trial court abused its discretion by sentencing him to five months in jail. Fodal argues in the alternative that the trial court's sentencing decision should be interpreted to mean that the trial court only placed him on one year of probation, with no jail time to be served so long as he abides by the terms of his probation.
 {¶ 2} Joe Fodal is a former attorney, who served as a prosecutor for 18 years, a municipal court judge for six years and in private practice for five years. In April 2001, Fodal was indicted for theft, a fifth degree felony. The charge stemmed from an allegation that he took $2,262 from one of his clients and converted the funds to his personal use. Fodal agreed to plead guilty to the reduced charge of petty theft, a first-degree misdemeanor. The trial court sentenced Fodal to a five-month jail term and placed him on probation for one year commencing on his sentencing date.
 {¶ 3} Fodal appeals, raising two assignments of error.
Assignment of Error No. 1:
 {¶ 4} "The judge's sentence in this case was an abuse of discretion and unduly harsh."
 {¶ 5} Fodal argues that the trial court abused its discretion by sentencing him to a five-month jail term. Fodal asserts that he should have been given only probation for his offense. We disagree with this argument.
 {¶ 6} As Fodal acknowledges, a trial court has broad discretion in sentencing matters. State v. Brown (1993), 88 Ohio App.3d 509, 513. A trial court does not abuse its discretion unless its sentencing determination is unreasonable, arbitrary or unconscionable. See State v.Carter (1997), 124 Ohio App.3d 423, 428.
 {¶ 7} Fodal alleges that the trial court abused its discretion by imposing a prison sentence on him because, among other things, he led a law-abiding life prior to committing this offense; the offense to which he pled guilty is unlikely to recur because he has been suspended from the practice of law; and he has made restitution and shown genuine remorse.
 {¶ 8} R.C. 2951.02(B)(1)-(10) lists factors that a trial court is required to consider in favor of placing a misdemeanant on probation. Several of Fodal's circumstances reflect favorably on placing him on probation, such as the fact that he has paid restitution to his victim and has expressed remorse for his misdeeds. However, R.C. 2951.02(E) states that the criteria listed in R.C. 2951.02(B) must not be construed to limit the matters that a trial court may consider in determining whether to suspend an offender's sentence and place him on probation. There is sufficient evidence in the record to support the trial court's exercise of its discretion not to suspend Fodal's five-month jail term. The trial court noted that Fodal had already received his "quid pro quo" for his guilty plea by only being indicted for one offense and by having the felony theft charge reduced to misdemeanor petty theft. The trial court also found that Fodal's conversion of his client's funds was not accidental or unintentional as the defense tried to suggest at the sentencing hearing. In light of these circumstances, we cannot say that the trial court's decision not to suspend Fodal's sentence and place him on probation was unreasonable, arbitrary or unconscionable.
 {¶ 9} Fodal's first assignment of error is overruled.
 {¶ 10} Assignment of Error No. 2:
 {¶ 11} "The trial court placed the defendant on probation and jail time should not apply."
 {¶ 12} Fodal asserts in the alternative that the trial court's statements at the sentencing hearing indicate that it actually placed him on probation, with no jail time imposed. In furtherance of this argument, Fodal contends that it is inconsistent to impose a jail sentence on a defendant and to place him on probation at the same time.
 {¶ 13} At the sentencing hearing, the trial court stated to Fodal in relevant part as follows:
 {¶ 14} "The Court sentences you to five months in the Greene County Jail for which execution is awarded. You are to pay the costs of this action for which execution is awarded.
 {¶ 15} "You will be placed on probation for a period of time of one year from this date. The terms of the probation are that you will, in fact, pay the Court costs within eight months of today; that you will maintain a law-abiding position; that you violate no laws in the United States, State of Ohio, any municipality, township or village."
 {¶ 16} The trial court subsequently denied Fodal's request that execution of his sentence be stayed pending appeal or, at least, for several days in order to permit him to arrange the opening of his new business.[1] After the sentencing hearing, the trial court issued a judgment entry that stated in pertinent part:
 {¶ 17} "The Judge received and considered the written report of the Greene County Adult Probation Department, the statement of counsel, and the statement, information and evidence presented by the Defendant and found that the opportunity of probation should be granted the Defendant."
 {¶ 18} Despite the fact that the trial court placed Fodal on probation for one year from the date of his sentence, the trial court did not suspend Fodal's five-month jail term nor any part thereof.
 {¶ 19} There are two conclusions that must be drawn from the trial court's sentencing decision. First, contrary to what Fodal asserts, the trial court clearly intended for Fodal to serve his five-month jail term. This is evident from the trial court's refusal to suspend all or any part of Fodal's five-month sentence and its refusal to stay execution of Fodal's sentence pending appeal or for a few days so that Fodal could start his business. Cf. State v. Theisen (1956), 165 Ohio St. 313, 315
(holding that the trial court clearly intended to suspend defendant's prison sentence and place him on probation). Second, the trial court clearly intended for Fodal to serve a one-year period of probation, to run concurrently with his five-month jail term.
 {¶ 20} The state asserts that convicted criminals are placed on probation and serve jail time at the same time "every day in courts throughout Ohio." However, the state has not presented any authority supporting this assertion, nor have we found any. Instead, R.C. 2929.51(A) clearly indicates that before a trial court can place an offender on probation, it must first suspend all or part of his sentence.
 {¶ 21} R.C. 2929.51(A) states in relevant part as follows:
 {¶ 22} "(A) At the time of sentencing and after sentencing, when imprisonment is imposed for a misdemeanor, the court may do any of the following:
 {¶ 23} "(1) Suspend the sentence and place the offender on probation pursuant to section 2951.02 of the Revised Code;[2]
 {¶ 24} "* * *
 {¶ 25} "(4) Require the offender to serve a portion of the offender's sentence * * * and suspend the balance of the sentence pursuant to Section 2951.02 of the Revised Code upon any terms that the court considers appropriate, or suspend the balance of
 {¶ 26} the sentence and place the offender on probation pursuant to that section."
 {¶ 27} Under R.C. 2929.51's modification of sentence provision, a trial court must first suspend all or some portion of an offender's sentence before it places the offender on probation. If the offender violates some condition of his probation, the trial court may revoke his probation and impose upon him "any sentence that originally could have been imposed[.]" See R.C. 2951.09. There is no provision in R.C. 2929.51
that allows a sentencing court to do what the trial court did here, to wit: place a misdemeanant on probation and at the same time order him to serve a jail term for the same offense.
 {¶ 28} Here, the trial court never suspended any portion of Fodal's sentence; therefore, it cannot impose any probationary period on Fodal once he serves his five-month jail term. What the trial court apparently meant to do in this case was to impose upon Fodal the maximum jail sentence permitted for first degree misdemeanors, which is six months. See R.C. 2929.21(B)(1). The trial court apparently meant to order Fodal to serve the first five months of that sentence in jail and then place Fodal on probation for seven months. If Fodal had violated some condition of his probation, then the trial court could have terminated his probation and ordered him to serve the remaining month of his sentence.
 {¶ 29} But the trial court did not impose a six-month jail term on Fodal, suspend the last month of his jail term, and place him on probation for a period of time authorized by R.C. 2951.07. Instead, it imposed a five-month jail term on Fodal, without suspending any portion of the sentence. Accordingly, we sustain the second assignment of error, reverse Fodal's sentence, and remand the matter to the trial court for resentencing. Should the trial court sentence Fodal to a jail term, such term shall not exceed the five months originally imposed.
Judgment reversed and remanded.
VALEN, J., concurs.
WALSH, P.J., concurs in judgment only.
[1] Before this matter was assigned to the current panel, Fodal was granted a stay of execution of his sentence pending the outcome of this appeal by the original panel assigned to hear the case.
[2] R.C. 2951.02 lists factors a trial court must consider in determining whether to suspend all or part of an offender's sentence and to place him on probation.