DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from the Ottawa County Court of Common Pleas. Although originally charged with four counts of rape of a victim under age 13, appellant, Robert L. Wilson, agreed to enter a guilty plea, pursuant to North Carolina v. Alford (1970), 400 U.S. 25, to two counts of attempted gross sexual imposition.
 {¶ 2} The trial court sentenced appellant to maximum sentences, 18 months, on each count and ordered that the sentences be served consecutively. In a single assignment of error, appellant contends that the imposition of maximum consecutive sentences is contrary to law.
 {¶ 3} The thrust of appellant's argument is that the trial court improperly considered or weighed certain factors when arriving at its conclusion that appellant should receive maximum consecutive sentences. Appellant maintains that R.C. 2929.12 contains no "other factors" category as found by the court and that appellant's five drunk driving charges should not have been considered because R.C. 2929.12(D)(4) limits consideration of a defendant's drug or alcohol abuse history only as it relates to the offense of which he or she was convicted. Moreover, appellant insists, the trial court under no circumstances should have given weight to appellant's "lack of remorse," because to do so would be antithetical to the Alford plea.
 {¶ 4} R.C. 2929.12(B), (C) and (D) expressly state that the court's sentencing considerations are not limited to the enumerated factors, but should include, "* * * any other relevant factors." Having reviewed the trial court's sentencing colloquy and sentencing judgment entry, we cannot conclude that the "other factors" the court considered were irrelevant to the determination of his sentence. State v. Parker
(Jan. 19, 1999), Clermont App. No. CA98-04-025.
 {¶ 5} While it is true that under North Carolina v. Alford a defendant is permitted to plead guilty to a negotiated reduced charge while maintaining his or her innocence, such a plea does not bind a sentencing court to accept that the defendant is, in fact, not guilty of the more serious offense. Here, appellant maintained his innocence of the original rape accusation and his attorney argued his innocence during the sentencing hearing. Clearly the sentencing court did not believe appellant was not guilty of the more serious acts.
 {¶ 6} An Alford plea is an accommodation plea motivated by a defendant's desire to obtain a lesser penalty or fear of the consequences of a jury trial, or both. State v. Piacella (1971), 27 Ohio St.2d 92, syllabus. Nevertheless, the Alford plea is nothing more than a species of a guilty plea. State v. Carter (1997), 124 Ohio App.3d 423, 429. While the plea limits the court's sentencing options to those available for a person guilty of the lesser offense, it does not obligate the court to wear blinders when considering sentencing options. Consequently, the sentencing court can properly consider the defendant's "lack of remorse" in fashioning the defendant's sentence.
 {¶ 7} Accordingly, appellant's single assignment of error is not well-taken.
 {¶ 8} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is affirmed. Costs to appellant.
 JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Arlene Singer, J.