[Cite as *State v. Williams*, 2016-Ohio-7782.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No.   104202

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTOINE D. WILLIAMS

DEFENDANT-APPELLANT

## JUDGMENT:
### REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-597808-C

**BEFORE:**   Boyle, J., Kilbane, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   November 17, 2016

**ATTORNEY FOR APPELLANT**

James R. Willis
1144 Rockefeller Building
614 West Superior Avenue
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   John Farley Hirschauer
          Gregory J. Ochocki
Assistant County Prosecutors
Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, Antoine Williams, appeals his convictions. He raises two assignments of error for our review:

> 1. The court erred when it denied the pretrial motion to suppress, and in doing so failed to state its essential findings on the record as required by [Crim.R. 12(F)].
>
> 2. The court erred and due process was denied when the court refused to allow the accused to plead no contest to the charges in this indictment.

{¶2} After review, we find merit to Williams's second assignment of error, vacate Williams's guilty plea, and remand for the trial court to hold a new plea hearing with instructions for the trial court to consider the facts and circumstances of Williams's case before deciding whether to accept Williams's no contest plea.

## I. Procedural History and Factual Background

{¶3} Williams was indicted on four counts, including one count of illegal conveyance of drugs into a detention facility in violation of R.C. 2921.36(A)(2), a third-degree felony; drug trafficking in violation of R.C. 2925.03(A)(2), a third-degree felony, with schoolyard and forfeiture specifications; drug possession in violation of R.C. 2925.11(A), a fourth-degree felony, with forfeiture specifications; and possessing criminal tools in violation of R.C. 2923.24(A), a fifth-degree felony, with forfeiture specifications.

**{¶4}** Williams moved to suppress evidence against him, asserting that his Fourth Amendment rights against an unreasonable search and seizure were violated. After a hearing, the trial court denied his motion.

**{¶5}** Williams subsequently entered a guilty plea to the indictment after the trial court judge would not accept his plea of no contest. The court, however, accepted Williams's guilty plea "with a full understanding" that the plea was conditional upon Williams reserving the right to appeal the trial court's denial of his motion to suppress.

**{¶6}** The trial court sentenced Williams to nine months for each of the four counts and ordered them to be served concurrent to each other for a total of nine months in prison. It is from this judgment that Williams now appeals.

## II. Plea

**{¶7}** In his second assignment of error, Williams argues that the trial court erred when it refused to allow him to plead no contest. Because the trial court did not permit Williams to plead no contest as a matter of policy, and not based on the facts and circumstances of Williams's case, we agree.

**{¶8}** Pursuant to Crim.R. 11(B)(2), a

> plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.

Unlike a guilty plea, a plea of no contest does not prevent the defendant from appealing from the trial court's ruling on a pretrial motion. Crim.R. 12(H). The trial court has discretion to accept or reject a no contest plea. Crim.R. 11(A). Absent an abuse of that

discretion, the judgment of the trial court must be affirmed.  *See State v. Mehozonek*, 8 Ohio App.3d 271, 273, 456 N.E.2d 1353 (8th Dist.1983).

{¶9}   This court has held, however, that a trial court abuses its discretion when it rejects a plea agreement by relying on a blanket policy rather than considering the facts and circumstances of the particular case.  *State v. Fitzgerald*, 188 Ohio App.3d 701, 2010-Ohio-3721, 936 N.E.2d 585, ¶ 7 (8th Dist.), citing *State v. Switzer*, 8th Dist. Cuyahoga No. 93533, 2010-Ohio-2473.   Other courts have held the same.  *See State v. Graves*, 10th Dist. Franklin No. 98AP-272, 1998 Ohio App. LEXIS 5608 (Nov. 19, 1998) (finding an abuse of discretion after trial court refused the defendant's plea based upon its blanket policy of not accepting no contest pleas); *State v. Hunt*, 4th Dist. Scioto No. 1536, 1985 Ohio App. LEXIS 8937 (Oct. 22, 1985) (finding abuse of discretion when the trial court refused to accept a plea agreement because it had a policy of rejecting agreements after jury cards were mailed to prospective jurors in a case); *State v. Beasley*, 1st Dist. Hamilton No. C-150431, 2016-Ohio-1603 ("there is little doubt that a trial court's blanket policy to refuse to accept no-contest pleas is error").

{¶10} At the beginning of the plea hearing in this case, the parties advised the court that they had reached a plea agreement.   The state and defense counsel informed the court that Williams wished to plead no contest to the indictment.   The trial court responded, "We don't do no contests up here. * * *   He would have to plead guilty." Defense counsel responded that Williams would plead guilty then, but with the condition

that he could preserve his right to appeal the motion to suppress. The court responded, "absolutely."

{¶11} In *State v. Carter*, 124 Ohio App.3d 423, 428, 706 N.E.2d 409 (2d Dist.1997), the court explained:

> We find that the trial court's policy of not accepting no-contest pleas constituted an abuse of discretion in that the trial court arbitrarily refused to consider the facts and circumstances presented, but instead relied on a fixed policy established at its whim. Although the trial court has the discretion to refuse to accept a no-contest plea, it must exercise its discretion based on the facts and circumstances before it, not on a blanket policy that affects all defendants regardless of their situation. In short, the trial court must exercise its discretion in each case. *Cf. Billington v. Cotner* (1972), 32 Ohio App.2d 277, 280, 61 Ohio Op.2d 344, 290 N.E.2d 862 ("It is within the appellate ambit to determine that a trial judge must exercise his discretion though refraining from telling him how to do it."), reversed on other grounds (1974), 37 Ohio St.2d 17, 20, 66 Ohio Op.2d 9, 305 N.E.2d 805.

{¶12} Thus, we agree with Williams that the trial court abused its discretion when it arbitrarily rejected his no contest plea based on its blanket policy of not accepting pleas of no contest. Williams's second assignment of error is sustained.

{¶13} Based on our disposition of Williams's second assignment of error, we find Williams's first assignment of error to be premature.

{¶14} Judgment reversed and remanded. We vacate Williams's guilty plea and remand for the trial court to hold a new plea hearing with instructions for the trial court to consider the facts and circumstances of Williams's case.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

MARY EILEEN KILBANE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR