[Cite as *In re A.K.C*, 2017-Ohio-847.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

IN THE MATTER OF:　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　:

A.K.C.　　　　　　　　　　　　:　　Appellate Case No. 2016-CA-16

　　　　　　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　:　　Trial Court Case No. 2016-JH-06

　　　　　　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　:　　(Juvenile Appeal from

　　　　　　　　　　　　　　　　　　　:　　 Common Pleas Court)

　　　　　　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　:

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of March, 2017.

. . . . . . . . . . .

J.D.B.
　　Appellant, *pro se*

T.L.C.
　　Appellee, *pro se*

. . . . . . . . . . . .

HALL, P.J.

{¶ 1} J.D.B. ("Father") appeals pro se from the trial court's judgment entry denying his petition for visitation with his minor child, A.K.C.

{¶ 2} In his sole assignment of error, Father contends the trial court erred in denying him visitation while he is incarcerated.

{¶ 3} The record reflects that Father filed his petition in March 2016. (Doc. #2). According to Father's petition, the child at issue was born in October of 2013 while the child's Mother, T.L.C., was in prison. But Father was, and is, in prison also. "I [J.D.B.] was and still am incarcerated in the Ohio Department of Corrections and will be until September 19, 2022." (*Id.*) The petition asserted that Mother had been released from prison and was residing with the child. Father claimed he had relatives who were willing to bring the child to prison to visit him if Mother was unwilling or unable to do so. Finally, Father asserted that "some type of visitation" (i.e., in person or phone calls) would be beneficial to his relationship with the child. (*Id.*).

{¶ 4} The trial court overruled Father's petition in a brief May 25, 2016, entry that also addressed a name-change request. (Doc. #7). With regard to visitation, the trial court simply stated: "The Court's policy is to not order parenting time when a parent is incarcerated. Therefore, the Petition for Reasonable Visitation is denied." (*Id.*).

{¶ 5} Upon review, we conclude that the trial court erred in denying Father's petition based on a blanket policy of not ordering parenting time when a parent is incarcerated. Visitation or, more properly, "parenting time" is governed by statute. In particular, R.C. 3109.051(D) identifies non-exclusive factors for a trial court to consider when determining whether to grant parenting time to a non-residential parent. We see

nothing in that statute or elsewhere authorizing a trial court to adopt a per se rule denying parenting time to incarcerated parents. To the contrary, this court has recognized that a non-custodial parent who is incarcerated retains residual parental rights, which include reasonable visitation or parenting time. *In re C.K.*, 2d Dist. Montgomery No. 25728, 2013-Ohio-4513, ¶ 14. Moreover, incarcerated parents " 'have the right to present evidence in an attempt to meet their burden of proof' " to establish that an award of parenting time is in their child's best interest. *Id.* at ¶ 15, quoting *In re Jergens,* 2d Dist. Montgomery No. 16848, 1998 WL 336702, *2 (June 26, 1998). We also recognized in *Jergens* "[i]f [a parent is] unable to attend a visitation hearing, [the parent] can always file affidavits or testify by deposition. *Id.*

{¶ 6} We recognize that it is a quandary as to whether visitation is in a child's best interests when a parent is incarcerated. In the final analysis, the matter of parenting time is within a trial court's sound discretion. But on this record, we perceive that the trial court did not exercise its discretion. Instead, it denied Father's petition by reference to a per se policy of not ordering parenting time when a parent is incarcerated. The trial court denied Father's petition based on a blanket policy, apparently without considering the child's best interest or the pertinent factual circumstances. To that extent, the trial court erred and Father's assignment of error is therefore sustained.

{¶ 7} The trial court's May 25, 2016 judgment entry denying Father parenting time is reversed, and the cause is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . .

DONOVAN, J., and FROELICH, J., concur.


Copies mailed to:

J.D.B.
T.L.C.
Hon. Brett A. Gilbert